## SUPREME COURT.

COOK agt. THE GENESEE MUTUAL INSURANCE CO.

In case of an assignment in parts to *several persons* of an *entire demand*, an assignee of one of the parts may maintain a suit, under the Code, in the nature of a suit in equity to recover his part. And it is no valid answer to such a suit, that one of the assignees has collected his part of the demand by judgment and execution.

Although it would not be necessary to make the assignee, who had collected his portion of the demand, a *party* to a suit by another assignee, (the defendant not having insisted in the first suit that the *whole claim* should be determined in that action;) yet, all the other assignees or persons interested in the demand should be made parties.

*Yates Special Term, November, 1852. Then argued, and decided in July, 1853.* Demurrer to portions of the answer. The complaint, after alleging the corporate existence of the defendant, stated that on or about July 24th, 1849, the defendant, for a valuable consideration, &c., insured Ephraim S. Fletcher, by a policy of insurance dated on that day, on certain property therein mentioned, against loss or damage by fire, in the sum of $600, for the term of five years. That the property insured was destroyed by fire in December, 1850; and that the damages of said Fletcher, by reason of the loss, were afterwards, and during the same month of December, liquidated and adjusted, by and between the said Fletcher and the defendant, at $550; and that defendant acknowledged itself indebted to said Fletcher, in that amount, and promised to pay it with interest from May 1st, 1851.

That on the 5th day of April, 1851, said Fletcher duly sold, assigned and transferred to the plaintiff, an interest in said liquidated damages, to the amount of $350, together with the interest on $750, from July 1st, 1851, of which said sale, assignment and transfer the defendant had notice. That since April 5th, 1851, and before the commencement of this action, the balance of said demand against the said defendant, over and above the plaintiff's interest therein, was sold and assigned by the said Fletcher, to one Elliot P. Barton, who, previous to

Cook agt. The Genesee Mutual Insurance Co.

the commencement of this action, collected the same of the said defendant. That the plaintiff is still the owner of the interest so as aforesaid assigned to him, and has requested payment, &c., of the defendant, who has refused payment, &c., and the plaintiff demands judgment, &c.

The answer, after denying specifically various allegations of the complaint, sets up the following new matter by way of defence to the action:

First. That Fletcher, on the 1st of May, 1851, assigned to the said Barton the demand or claim against the said defendants, in the said policy of insurance mentioned in said complaint; and that the said Barton, on the 2d day of June, 1851, with the knowledge and consent of the plaintiff, commenced an action in the Supreme Court, for the recovery of $182,50, part and parcel of the sum due Fletcher on the policy; in which action Barton alleged in his complaint, among other things, that defendant, on the 1st of May, 1851, was indebted to him, the said Barton, in the sum of $500, which said sum the defendant had allowed to said Fletcher, on said policy, and had agreed to pay, &c. That on the 1st of May, 1851, and before the commencement of said action, Fletcher assigned to Barton an interest therein of $182,50, with interest from May 1, 1851. That such proceedings were thereupon had in the said action so commenced by Barton against the defendant, that on the 30th day of July, 1851, judgment was recovered in favor of Barton against the defendant, for $185,60, with $10,46 costs, which action, by Barton against the defendant, was commenced, &c., and judgment recovered therein, by the direction and consent of said Fletcher, and the plaintiff in this action.

Second. That on the 12th day of May, 1851, Fletcher, by and with the consent and approbation of the plaintiff in this action, for and in consideration of $350, to him duly paid by Charles C. Sheppard and Milton M. Ford, sold, assigned and transferred, all his right, title and interest, to all claims, allowances and demands he had against the defendant for losses incurred by him, &c., notice whereof was given to the defendant, by said Sheppard and Ford, on the 14th May, 1851,

whereupon the defendant promised and agreed to and with said Sheppard and Ford, to pay them the amount due to said Fletcher on said policy mentioned in the complaint.

That on the 16th day of July, 1851, the said Ford duly sold and assigned all his right and title in and to the said demand, to the said Charles C. Sheppard, who is now the *bona fide* owner and holder of the same, and entitled to the monies due thereon, and that the defendant has promised and agreed to pay the same to him; and the defendant insists that said Sheppard is a necessary and proper party to this action, and should be made a party defendant in the same.

The plaintiff demurs separately to the two defences of new matter set up in the answer, assigning special causes for each demurrer.

SHERMAN S. ROGERS, *for Plaintiff.*

DAVID B. PROSSOR, *for Defendant.*

WELLES, Justice.—The question involved in the first demurrer is whether the action, and judgment therein, by Barton, against the present defendant, operates as an extinguishment of the plaintiff's demand.

It was settled, that at law, separate actions could not be sustained for different parts or portions of an entire demand or cause of action. Miller agt. Covert, (1 *Wend. R.* 487, *and cases there cited.*) In those cases, and all I have met with on the subject, the same person was plaintiff in the different suits for parts of the same cause of action; and they were cases, wherein, from the nature of the demand, there was nothing to hinder the plaintiff in the first suit, from recovering the entire claim as well as any part,—as well the part not included in the judgment, as that which was included. In such a case it would be oppressive and vexatious to allow the plaintiff to split up a cause of action which was single and entire, and to harrass the defendant with several prosecutions, when one would subserve the same purpose. That was one of the reasons why it would not be permitted. Another arose out of the incongruity of allowing a party, having an entire, indivisible

Cook. agt. The Genesee Mutual Insurance Co.

cause of action against another, after coming into court and presenting his claim for judgment, founded upon such cause of action, and recovering a part only of his claim, afterwards to recover, in another action, the other part. In such case the court must, in the first action, pass upon the whole of such entire claim; and if one part of it was found to be valid, the whole would, of necessity, also be valid; and such action of the court extinguished the whole of such single and entire cause of action. If the plaintiff recovered judgment upon it, although for only a part, the whole was extinguished and merged in the judgment, and could never again be brought into court as the foundation of another judgment. It was, in effect, equivalent to a remittitur of the balance or residue of the claim.

The defendant claims that the foregoing rule is applicable to the present case; that the liquidation of the amount of loss by the burning of the insured property, between Fletcher and the defendant, constituted one entire, undivisible demand or cause of action, which it was not competent for the former to separate, so as to make it the subject of several actions; and hat the action brought by Barton, and judgment therein, for the part of the liquidated amount subsequently assigned to him by Fletcher, had the effect to extinguish the whole claim.

I think it cannot be maintained that an entire demand cannot be assigned in parts to different persons, so that the rights of each assignee shall be protected and enforced; or that a part of such demand may not be assigned, and the residue or remainder retained by the assignor, and the assignee and assignor be both protected in respect to their respective interests.

In the case of a legal demand, the assignor and assignee, or the several assignees, in case the whole demand had been assigned, probably might have united in an action at law, before the Code, in the name of the assignor, to recover the whole demand. But no action at law could be sustained in such case, except in the name of the assignor, unless the debtor had agreed to pay the assignee who brought such action.

In case of an assignment, in parts, to several persons, of an entire demand, an assignee of one of the parts might maintain a suit in equity to recover his part, and in the absence of any agreement by the debtor, to pay him, his remedy was confined to a Court of Equity. This was so held by the Court of Appeals in the case of Field agt. the Mayor, &c., of the City of New York, decided in March term, 1852, and not yet reported. If a court of equity would have recognised and enforced the respective rights of the several assignees in the case of an assignment in parts to several different persons, of an entire demand, it is not perceived why the fact that one of such assignees has collected the part belonging to him, should prejudice the right of any of the others. In a suit in equity by one of such assignees, against the debtor, to recover the amount due to the plaintiff, the assignees of the other parts, and the assignor—if he had retained any portion—should be made parties, unless a sufficient reason appears for leaving them out; and I suppose the rule is the same under the Code. (§§ 117, 118 and 119.) In the present case, looking at the complaint and answer, it appears that the part assigned to Barton has been collected. The complaint so states the fact, and the answer does not controvert it, but states that Barton recovered judgment for it, which is not inconsistent with the fact of its having been collected. This, in my opinion, is a sufficient reason for not making Barton a party. I do not mean to say that it would not be sufficient, if it appeared that Barton had only recovered judgment, which remained unsatisfied. On the contrary, I incline to the opinion that it would have been enough to excuse the plaintiff from making him a party. The plaintiff's demand is of an equitable character, and the complaint makes a case which entitles him to invoke the equitable powers of the court for its enforcement; and I am not able to perceive that the first answer states a sufficient reason why the relief prayed for should not be granted.

It does not appear what, if any, defence was set up in the action by Barton against the defendant. It was competent for them, in that action, to have alleged the nonjoinder of the

present plaintiff, unless some good reason appeared why he was omitted. If they neglected, on that occasion, to insist that the claims for the whole loss should be adjudicated in one action, as I think they might have done—so far as any thing appears in the pleadings in this action—and suffered Barton's claim to be adjusted and pass into judgment, they cannot now require that he be made a party in this action.

The second answer shows that Sheppard should have been made a party. As I have attempted to show, in discussing the validity of the first answer, the defendants have the right to have all the claims to this demand, growing out of the loss of the insured property, adjudicated and settled in one action. The complaint makes out a *prima facie* case against these defendants alone, and it does not appear from it, that there is any other person who ought to be made a party; but the answer under consideration sets up other facts, showing the propriety of making Sheppard a party. On being informed by the answer, of Sheppard's interest or claim, the plaintiff should have made him a party, by way of amendment to the complaint, and have brought him into court by process, if necessary. (*See Story's Eq. Jur.* § 1526; *Van Santvoord's Pleading*, 103–4–5, &c.)

The plaintiff is therefore entitled to judgment on the demurrer to the first answer, and the defendant to judgment on the demurrer to the second answer; with liberty to the plaintiff to amend his complaint by making Sheppard a party, with proper averments or allegations. No costs are allowed to either party as against the other, on either of the demurrers, or upon the amendment.