## New York Marine Court.

*Trial Term—June 20, 1881.*

## MOSES BRUCKHEIMER *against* THE MERCHANTS' INSURANCE CO.

**Insurance Policy.—Mortgagor and Mortgagee.—Joinder of Parties.**—Where an insurance company insures C. C. against any loss she may sustain, not exceeding $2,200, and the policy contains these words: " Loss, if any, to the amount of $1,200, payable to M. B., mortgagee," there can be but one action brought upon the contract, in which C. C. and M. B. must be joined. If two actions are brought, the defendant may plead the pendency of the first action in abatement of the second. The reasons stated. If the entire loss had

been payable to the mortgagee, he might have maintained the action in his own name without joining the mortgagor.

The plaintiff sued to recover $1,200 from the defendant, under a policy of insurance issued by it, whereby Catharine Coan was insured against loss or damage by fire to the amount of $2,200. The only portion of the policy which relates to the plaintiff is in these words : "Loss, if any, to the amount of $1,200, payable to Moses Bruckheimer, mortgagee." The defendant pleaded, and upon the trial proved, that prior to the commencement of this action, the insured, Catharine Coan, commenced an action in this court upon the same policy to recover $1,000, the amount claimed by her over and above the aforesaid $1,200, and the question to be decided is whether the two actions can be maintained upon the same contract at the same time, and whether the pendency of the first action is not properly pleaded in abatement of the second.

*H. J. Schenck*, for plaintiff.

*Geo. W. Parsons*, for defendant.

McADAM, J.—The contract sued upon was made with Catharine Coan, and insures her against any loss or damage she may sustain, not exceeding $2,200, and by its terms the plaintiff, as mortgagee, is, in case of loss, appointed to receive $1,200 of this amount. The policy provides for this and nothing more, so that whatever rights the mortgagor and mortgagee have against the defendant grow out of the same contract, and the right of recovery depends upon the same proofs. If the mortgagor is entitled to nothing, the mortgagee gets nothing. The policy does not contain two independent contracts, but only one, and the payment of $1,200 to the mortgagee is dependent upon the right of the mortgagor to a larger sum. The mortgagor, who brought the first action, should have pleaded the entire contract, alleged her full loss, and joined the mortgagee

as a party. The Code provides that "all persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs" (*Code Civ. Pro.* § 446). This is now the rule as to parties in all cases, whether such as were formerly the subjects of suits in equity or of actions at law, and notwithstanding that the claim of one of them is different in its character and amount from that of the others (Loomis *v.* Brown, 16 *Barb.* 325). Section 448 of the Code of Civil Procedure provides that "If the consent of any one, who ought to be joined as a plaintiff, cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint;" and section 447 provides that where the presence of any person is necessary for the complete determination or settlement of a question involved in an action, he may be made a party defendant thereto. Upon the facts disclosed it seems clear that the mortgagee was not only a proper but a necessary party to the mortgagor's action against the defendant, and the provisions of the Code to which I have referred provide ample means for bringing him in as a party whether he was willing to join or not. This course would have effectually disposed of all the rights, liabilities and equities of the various parties in one action and upon one trial, and this is what the Legislature intended and requires (Dobson *v.* Pearce, 12 *N. Y.* 165). In Cook *v.* Genesee M. Ins. Co. (8 *How. Pr.* 514), it appeared that the insured, after a loss by fire, agreed upon the amount of damage at $550, and immediately thereafter assigned $350 of this sum to one person, and part of the balance to another, and the court held that while the assignments were valid the insurance company had the right to require that all demands growing out of the loss of the insured property be adjudicated and settled in one action. Judge WELLES, in delivering the opinion of the court and applying this familiar principle of

law, stated that the reason for the rule " arose out of the incongruity of allowing a party having an entire and indivisible demand against another, after coming into court and presenting his claim for judgment, founded upon such a cause of action, and recovering only a part of his claim, afterward to recover in another action the other part. In such a case the court must, in the first action, pass upon the whole of such entire claim ; and if one part of it was found to be valid, the whole would of necessity also be valid ; and such action of the court extinguished the whole of such single and entire cause of action. If the plaintiff recovered judgment upon it, although for only a part, the whole was extinguished and merged in the judgment, and could never again be brought into court as the foundation of another judgment. It was in effect equivalent to a remittitur of the balance or residue of the claim." The policy sued upon in the present action contains no special clause of an independent nature whereby the plaintiff's interest as mortgagee is insured, but merely names the plaintiff in the character of mortgagee as an appointee to receive $1,200 of any loss that Catharine Coan, the insured, may sustain. This provision does not furnish the plaintiff with a cause of action independently of the mortgagor Catharine Coan, who is interested not only in the proper application of the $1,200, but in the subject-matter of the action, to an amount exceeding that sum —to wit, $2,200, the entire amount insured by the policy (see Hartford Fire Ins. Co. *v.* Davenport, 7 *Ins. L. J.* 228). If the entire loss had been payable to the plaintiff, it is easy to observe that an action might have been maintained by him in his own name, upon the promise contained in the policy for his benefit (Cone *v.* Niagara Fire Ins. Co., 60 *N. Y.* 619), and he might have recovered the whole loss sustained by the owner's insurable interest, holding the amount recovered, after

Bruckheimer v. Merchants' Insurance Co.

payment of his lien, as trustee for the owner (*Ib.*). This results from the fact that, by the very terms of the contract, no part of the loss is to go to the insured, but directly to the mortgagee, who is appointed trustee to receive the whole. But where, as in this case, the trustee is to receive but part of the loss, it seems clear to me that the owner of the other part must unite in the same action, so that the equities of all interested in the recovery may be determined without resorting to a multiplicity of suits. This appears to be eminently proper, in view of the fact that the causes of action grow out of the same contract and depend upon the same proof, and the right of the mortgagee to recover depends entirely upon the fact whether the mortgagor has a right of action to an amount equaling or exceeding the $1,200, which the mortgagee is appointed to receive. If there may be one trustee or payee of part of an indivisible claim for loss, there may be any number; and to hold that each might maintain an independent action to recover his proportionate share of the same loss, and that the mortgagor who retained an interest in the policy might at the same time have another action to recover what is due to him upon the same cause of action, would not only make a dangerous innovation upon the rule against splitting causes of action, but would encourage needless litigation and expense, to the sacrifice of the time of courts and juries and the prejudice of the public service generally. This is not all. The jury in the mortgagor's action might find that he had suffered no loss within the conditions of the policy, while in the various other actions upon the same policy, the different juries might find that a loss within these conditions had or had not occurred, just as they saw fit to credit or discredit the testimony of the various witnesses. The jury might fix the total loss in one action at one sum, and assess it differently in each of

the other actions, and yet if there was a conflict of evidence upon these questions in the various suits, the finding (although differing in each case) might be held conclusive. The insurance company might succeed upon the main issue in some of the actions, and fail in others, and yet if the result depended upon conflicting evidence, the verdicts could not be disturbed. The possibility of such a contrariety of results is so opposed to every orderly system of judicial procedure as to demonstrate at once the necessity of adhering to the settled policy of the law, that where all the equities of the respective parties can be settled in one action the law will neither encourage nor permit of two or more. The defense relied upon was properly raised by answer pleading in abatement the pendency of the mortgagor's action. This is so, for the mortgagee had a right of action provided he joined the mortgagor as a party, because, by so doing, the same results might have been arrived at as if the mortgagor had joined him in like manner, and it is for the reason that the same results might be reached in either action, properly commenced, that the law gives precedence to the one brought first, and will not permit the other to go to judgment while the first is pending. The same rule applies to pledgor and pledgee—either may sue for an injury to the pledge, but not both. The action first brought bars the second, as the law does not allow a defendant to be twice harassed for the same cause (*Edwards on Bailm.* 2 ed. § 104). The defendant could not demur to the complaint, because it did not appear upon the face thereof that the mortgagor had an action pending when this one was commenced, and it is upon the ground of the pendency of the former action that the plea of abatement presented by answer was required. The pendency of the other action is fatal to any recovery in this one, and the plaintiff must seek his remedy in that action by intervening, or in·

Fcickert v. Freisem.

such other appropriate mode as he may be advised. For the reasons aforesaid, it follows that the complaint must be dismissed, with costs.