FOURTH NATIONAL BANK, Appellant, *v.* THOMAS S. NOONAN, Respondent.

### October 23, 1884.

BAR TO ACTION — SPLITTING DEMANDS. — A recovery by the assignee of a part of a demand is not a bar to a recovery by the original creditor for the balance. The rule relative to the splitting of demands does not apply.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

FINKELNBURG & RASSIEUR, for the appellant: A partial assignee can not recover on his fractional interest, without making his assignor a party. — *Smith* v. *Gary*, 2 Dev. & B. 42, 50. If, however, the debtor chooses to waive his right to resist the division of an entire demand, he may do so, and having done so, he is thereafter estopped from complaining. — *Burnett* v. *Crandall*, 63 Mo. 410; *Lett* v. *Morris*, 4 Simons, 607. Much less can he, by submitting to a judgment for a part, rid himself of his entire liability for the remainder. — *Cook* v. *Ins. Co.*, 8 How. Pr. 514. The doctrine that when a party splits up his cause of action, and recovers a part, he is barred as to the remainder, applies only to cases where the same person is plaintiff in different suits to enforce a single demand. — *Cook* v. *Ins. Co.*, 8 How. Pr. 514.

SMITH & HARRISON, and JOHN M. GLOVER, for the respondent: If an entire demand is split up into two or more parts, and a judgment obtained upon one part, it will constitute a bar as to the remainder. — *Flaherty* v. *Taylor*, 35 Mo. 447 ; *Railroad* v. *Traube*, 59 Mo. 355.

BAKEWELL, J., delivered the opinion of the court.

This was an action upon a negotiable promissory note for $24,000, dated June 19, payable without grace, five days after notice, executed by defendant, to the order of plaintiff. A credit is given for $8,995.67, proceeds of collaterals pledged to secure the note, and judgment is asked for the remaining sum.

On the day of the trial, the defendant was permitted to file an amended answer, in which, together with other matters of defence, he alleges that on April 6, 1880, plaintiff assigned to one Berkley a portion of the debt and of the note sued upon herein, and that Berkley afterwards recovered judgment upon this portion of the claim. This judgment is pleaded in bar of the action.

All the testimony in support of this defence was objected

to as incompetent, irrelevant, and as *res inter alias.*
Defendant, however, was permitted to introduce the
testimony in support of this defence tending to show the
following state of facts : —

On April 6, 1880, plaintiff executed and delivered to
Berkley the following paper : —

"ST. LOUIS, April 6, 1880.

" In consideration of $250 in hand paid by Wm. J. Berkley,
we do hereby assign and transfer to him $500 out of any
proceeds he may collect from T. S. Noonan on his note,
dated April 30, 1877, for the sum of $24,000, due five
days after notice, now held by us. But this agreement
shall not apply to any proceeds realized on collaterals
pledged to secure said note, the right to realize on said col-
laterals being reserved to us exclusively."

Noonan had sued Berkley before McCaffery, a justice of
the peace of St. Louis, for a balance of $200 upon a note.
In this action Berkley pleaded as a set-off his interest in
the Noonan note acquired by the above assignment, setting
forth the instrument, and remitting the excess above Mc-
Caffery's jurisdiction. On the trial Noonan appeared with
his counsel, and made no defence to the set-off, but admit-
ted it. The set-off was allowed, and judgment rendered
by the justice in favor of Berkley, and against Noonan, for
$50, the difference between the note sued on and the set-
off.

Amongst other instructions given at the request of
defendant, the court directed the jury that, if they
believed from the evidence that plaintiff, on April 6, 1880,
executed the paper of that date, and delivered the same to
Berkley, and that he held and owned the same at the
beginning of this suit, and that the same is the instrument
on which the counter-claim in the case of *Noonan* v. *Berk-
ley,* read in evidence, was based, then plaintiff can not
recover.

There was a verdict and judgment for defendant. This
statement sufficiently sets out the only point arising upon

the record which we have found it necessary to examine. If, as we think, the trial court erred in its rulings as to this defence, the judgment must necessarily be reversed.

The rule against splitting demands is one made for the protection of the debtor, to prevent the multiplication of suits for one cause of action ; and we have never heard of its being set up successfully against the assignor as a bar to any recovery upon the original cause of action, where the assignor has been neither party nor privy to more than one action upon the claim. If the assignee, for value of a part of a claim, sues upon it, and the defendant does not interpose the defence that the claim can not be split, why should the assignor, who has been a party to no vexatious litigation, and who has no notice of the suit by his assignee, be punished for this by the loss of the remainder of his claim? To make an assignment of a part of a claim, is no offence in the eye of the law. It may be highly beneficial to the debtor, and no reason appears why he may not submit to such a division, if it can be made, and to any or all of its consequences. The creditor himself may be estopped, where by suing for a part only, he seems to admit that no more is due, or where he would vexatiously multiply suits, and increase costs to his debtor, and annoy the courts without a cause; but it has never been held, so far as we know, that a recovery by an assignee of a part of a claim, in an action of which the assignor had no notice, is to destroy the right of the assignor to the balance of his claim. It has been held, on the contrary, that the rule, that where a person splits his demand and recovers a part, he is barred as to the remainder, has no application to a case where the same person is not plaintiff in both actions, and where the assignor has no control over the action for the assigned part of the claim, and has no notice of that suit. *Cook* v. *Ins. Co.*, 8 How. Pr. 514.

It may be questioned whether the evidence showed any assignment of a part of this claim. We do not examine

that, as it is immaterial, in the view we take of the effect of the recovery by the assignor.

To hold that the defence attempted in this action was a bar, would be to open the door wide to fraud. And the circumstances shown in the present case are pointed out by counsel for appellant as furnishing some ground for suspicion of collusion between the assignee and the defendant. Both the plaintiff and the defendant, before the justice, gave up large portions of their respective claims to confer jurisdiction. The judgment before the justice is, on March 19th, and on the next day, and on the eve of a trial, the amended answer is filed setting up the new defence. The appellant objected to the filing of the answer, but filed a reply and went to trial. Had appellant insisted upon a continuance, to allow time to investigate the circumstances surrounding the new defence, it could hardly have been refused, except upon the theory that this defence interposed was in its nature untenable, whether the recovery before the justice was collusive or not.

The judgment is reversed and the cause remanded. All the judges concur.