ALEXANDER DENNIS, Respondent, v. HENRY C. CROOKS, Appellant.

Kansas City Court of Appeals, December 7, 1886.

PRACTICE—CONFLICT OF EVIDENCE—QUESTION OF FACT.—Where the questions at issue were as to what the contract was; and as to whether plaintiff had violated it; and there was a conflict of evidence as to both of these questions, the court submitted them to the jury. Held, proper, and that the court thereby submitted simply a question of fact to the jury.

APPEAL from Grundy Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was begun before a justice of the peace. The statement or petition was in two counts.

The first count alleged a verbal contract between plaintiff and defendant, by the terms of which plaintiff was to cut down and clear off the brush and timber from a certain tract of land owned by defendant, and to make the same ready for cultivation; and that plaintiff was to have for his services all the timber and wood said land would yield; that the plaintiff had cleared said land

"except that there was about twenty dollars worth of timber remaining on said land not yet removed, which still remains there and which belongs to plaintiff;" that the defendant forbade and prevented the plaintiff and still prevents him from removing said timber from the said land to the plaintiff's damage in the sum of twenty dollars.

The second count was substantially the same as the first count, except that the contract was concerning a different tract of land, and the contract had not been so nearly completed as the contract set out in the first count. The damages were laid at one hundred and twenty-five dollars. From a judgment rendered by the justice of the peace an appeal was taken to the circuit court.

The case having been brought before a justice of the peace no answer was required. But the defendant made a verbal statement of his defence. It was thus stated that the defendant had contracted with the plaintiff for the clearing of the land, and that the plaintiff was to have the timber as payment for the work done by him; that the work was to be done in a certain manner, and if not so done that the plaintiff was to forfeit all further right under the contract and all further pay for the work done; that the plaintiff had not done the work in accordance with the contract; "that plaintiff had sold part of his claim on the timber under the contract to Thomas and William Cooksey, and that they, with plaintiff, had instituted a suit against the defendant therefor, prior to the commencement of this suit, in which suit all matters involved in this suit were embraced, litigated, and adjusted before the justice and appealed to the circuit court, where the same was still pending."

The plaintiff testified that he was made a party plaintiff with Thomas and William Cooksey in the suit referred to without his consent, and that by advice of counsel he withdrew from said suit. The statement

filed in said suit, which was offered in evidence by the defendant but excluded by the court, stated that Thomas and William Cooksey had bought of the plaintiff in this case sixteen thousand feet of saw timber, of the value of eighty dollars upon the land of the defendant in this case, and that they had hauled away nine thousand feet of said timber with the consent of said defendant, leaving on his premises and in his possession seven thousand feet, of the value of thirty-five dollars, when he notified them not to remove any more of said timber to their damage in the sum of thirty-five dollars.

The plaintiff testified that he had sold to Thomas and William Cooksey sixteen thousand feet of saw timber to be removed from the land mentioned in the second count of the statement herein; that they had hauled nine thousand feet of said timber, leaving seven thousand feet of it on the said land where it still remained.

The plaintiff dismissed as to the first count of the statement.

The defendant introduced evidence tending to prove the defence verbally stated by him except in so far as concerned the former suit. Evidence offered by the defendant touching that part of the defence was excluded. The court for the plaintiff instructed the jury that if they found from the evidence that the contract was made as stated by the plaintiff, and "that the plaintiff was engaged in doing said work, about the last of January, 1885, defendant without any just cause, served notice on plaintiff to stop his cutting and hauling of logs on said land, and prevented plaintiff from completing his agreement, then the jury will find their verdict for plaintiff in the market value of all the timber, cut or uncut, then remaining upon said land, less such amount as from all the evidence the jury shall believe it was worth to complete the clearing up of said thirty acres, and burning the brush so as to make it ready for the plow."

GEORGE HALL and A. G. KNIGHT, for the appellant.

I. Where the court tells the jury, in instructing for plaintiff, that "if defendant without *any just cause* served notice," etc., they will find for plaintiff, it submits a question of law to the jury. *Estes v. Fry*, 22 Mo. App. 53; *Speak v. Dry Goods Co.*, 22 Mo. App. 122; *Morgan v. Durfee*, 69 Mo. 469.

II. The court erred in the instruction, as to damages, and especially in the *first*, which was "*to find for plaintiff in the market value of all the timber cut and uncut then remaining on said land*," thereby telling the jury to allow plaintiff "the market value" of some timber already sold.

III. The court erred in refusing to permit defendant to show that all of plaintiff's claim against defendant had been settled and determined in a former suit. If such was the fact there could be no second recovery for the same cause of action. *Hickerson v. City of Mexico*, 58 Mo. 61; *Sweet v. Maupin*, 65 Mo. 65; *Ibid*, 47, 323; *Wood v. Ensel*, 63 Mo. 193. So as to refusal to permit defendant to introduce petition and other papers in said suit aforesaid. *Railroad v. Trobe*, 59 Mo. 355; *Mason v. Plankinton*, 64 Mo. 337; *Henry v. Wood*, 77 Mo. 299; *Railroad v. Levy*, 16 Mo. App. 500; *Haley v. Bosley*, 37 Mo. 364.

No brief for the respondent.

HALL, J.—Two objections are urged against the instruction, given for the plaintiff, which has been set out in the foregoing statement. First, because the court submitted a question of law to the jury by telling them to find for plaintiff if they found that the defendant without "*any just cause* served notice on plaintiff to stop cutting and hauling," etc. Second, because by telling the jury, if they found for plaintiff, to find "for plaintiff in the market value of *all the timber cut and uncut then remaining on said land*," the court in-

structed the jury to find for plaintiff "the market value" of the timber which he had, according to his own statement, already sold to Thomas and William Cooksey.

The questions as to what the contract was, and as to whether the plaintiff had violated his contract were for the jury to pass upon. There was a conflict of evidence as to both of these questions. The court submitted no question of law by submitting to the jury the question whether or not the defendant "without just cause" gave the notice to plaintiff to stop, etc. The court thereby submitted simply a question of fact to the jury. The defendant only claimed the right to give said notice by virtue of the contract being as he stated it to be and of a violation of its terms by plaintiff in the manner of doing the work. The question of fact submitted was, was the contract as stated by defendant, and if so had the plaintiff violated the terms of said contract? The jury must have so understood the instruction from the language of the instruction itself; and this meaning was but made clearer, if possible, by the other instructions given in the case. The first objection does not seem to us to be tenable.

But the second objection is well made. The plaintiff had admitted to having sold a certain quantity of timber to the two Cooksey's, a portion of which he stated was still upon the land. It was, therefore, error to instruct the jury, if they found for the plaintiff, to find the value of that timber. This also applies to any timber then on the land which the plaintiff might have sold theretofore to Philip Robinson.

From a judgment rendered in the justice's court in the suit brought by the Cooksey's against this defendant to recover the value of the timber sold to them by plaintiff and then remaining on the land, an appeal had been taken to the circuit court. The judgment was not an estoppel as against the very parties to that suit, because the suit was for trial *de novo* in the circuit court.

By a prosecution of the appeal the judgment was as if it had never been; it was final and binding upon no one. *Turner v. Northcutt*, 9 Mo. App. 251. And, of course, the pendency of that suit did not prevent the plaintiff from bringing this action. This was not a case of the assignment of a part of a cause of action or of the splitting of a cause of action. *Bank v. Noonan*, 14 Mo. App. 246. The plaintiff sold to the Cooksey's a part of his timber. They were the proper parties to sue for the value of that which they bought, if it was converted by the defendant; the plaintiff was the proper party to sue for the value of that which he kept. The court properly excluded all evidence touching the suit then pending in the circuit court, which the Cooksey's had brought.

For the error mentioned the judgment is reversed and the cause remanded. All concur.