(30 Misc. Rep. 753.)

### MOHR et al. v. QUIGLEY.

(Supreme Court, Appellate Term.   March 5, 1900.)

LANDLORD AND TENANT—RENT—UNAUTHORIZED PAYMENT.

> It is no defense to an action for a month's rent that defendant has paid half the rent to a third party, to whom plaintiff had agreed to sell the premises at the middle of the month, and apportion the rent with him, when such payment was unauthorized. .

Appeal from municipal court, borough of Manhattan, First district.

Action by William Mohr and another against Michael J. Quigley. From a judgment for defendant, plaintiffs appeal. Modified.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Lewis S. Goebel, for appellants.

Louis Davidson, for respondent.

PER CURIAM. Plaintiffs sue for one month's rent of certain premises occupied by defendant, and for water rents paid by plaintiffs for which, under his lease, defendant was liable. Defendant admits liability for the water rents, and for one half the month's rent. As to the other half, he shows that under his lease the monthly rent was payable on the 1st day of the month; that the plaintiffs had agreed to sell the premises on the 15th of the month; and that in the contract of sale the plaintiffs had agreed with their vendee to apportion the month's rent, so that upon the completion of the sale the plaintiffs would be obliged to pay or allow the purchaser one-half the month's rent, or $79.16. The defendant, instead of paying his landlord the whole month's rent on the 1st of the month, when it was due, paid him half, and paid the other half to the purchaser. This he did without any request or consent on the part of his landlord, who has never acquiesced therein. Clearly, this payment by the defendant to the purchaser is no defense to the landlord's action. The whole rent was due and payable on the 1st day of the month, and the landlord was then entitled to receive it. No voluntary payment to any third person, without the landlord's

direction or consent, could satisfy the landlord's claim. In allowing this payment as a partial defense, the justice erred. The defendant counterclaimed for the sum of $600 alleged to be due him for commissions upon the sale of the property. The evidence upon this point was conflicting, and we cannot say that it so clearly preponderated in plaintiffs' favor as to require us to reverse the finding of the justice in favor of the defendant.

The judgment must be reversed, with costs, unless the defendant stipulate to reduce the judgment by the sum of $82.35, in which event it is affirmed, without costs.