CHASE v. DEERING et al.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. PARTIAL ASSIGNMENT OF CLAIM—RIGHT OF ASSIGNEE TO SUE.
    An assignee of a part of a claim may maintain an action to recover the portion assigned.

2. SAME—PLEADINGS—ALLEGATIONS—RELEVANCY.
    The allegations in the complaint in an action by an assignee of a part of a claim, brought against the debtor and the assignee of another part of the claim and the assignor owning the remainder, that the assignor had assigned a part of the claim to a third person, who was the owner thereof, and that the assignor was the owner of the remainder, and that he and the third person declined to join as coplaintiffs, stated no cause of action against the assignor and the third person, and the debtor was entitled to have the same stricken out as irrelevant.

Appeal from Special Term, Kings County.

Action by Charlotte L. Chase against James A. Deering and others. From an order denying a motion to strike out certain portions of the complaint, defendant James A. Deering appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

Clarence L. Barber, for appellant.
Edwin G. Davis, for plaintiff Chase.
Frank Moss, for defendant Butterly.
Clark B. Augustine, for defendant Augustine.

WILLARD BARTLETT, J. It is no longer open to question in this state that the assignee of part of a claim may maintain an action to recover the portion which has been assigned to him. Risley v. Phenix Bank, 83 N. Y. 318, 38 Am. Rep. 421; Lauer v. Dunn,

52 Hun, 191, 5 N. Y. Supp. 161, affirmed 115 N. Y. 405, 22 N. E. 270; Chambers v. Lancaster, 3 App. Div. 215, 38 N. Y. Supp. 253, affirmed 160 N. Y. 342, 54 N. E. 707. The cases cited were all actions at law. In Chambers v. Lancaster, supra, the record, which is on the files of this court, as the case went up from this department, shows that it was deemed by all parties and by the trial court to be an action at law, there being an express recital therein to the effect that a jury trial was duly waived, although in the Court of Appeals there are expressions in the opinion indicating that it was there regarded as a suit in equity. Thus Chief Judge Parker says, "Since the decision of this court in Risley v. Phenix Bank of New York, 83 N. Y. 318, 38 Am. Rep. 421, the right of an assignee to bring suit on the equity side of the court, making the assignor, as well as the debtor, a party, has been frequently resorted to, and is supported by the decision in Risley's Case;" and he adds, "The procedure thus pointed out was adopted in this case." If this means merely that the assignor was made a party defendant, although no cause of action was stated or judgment demanded against him, it is strictly correct; but if it means that the action was an equity suit, in form or substance, it is an error, probably growing out of the fact that the trial was had by consent before a judge without a jury.

The question presented by this appeal is whether an assignee of one tenth of an entire claim for money alleged to be due on a contract, in a suit against the debtor to recover the tenth assigned to him, can properly make the assignee of another tenth of the claim and the assignor who retains eight tenths codefendants with the debtor, although in the complaint the plaintiff does not state or attempt to state any cause of action against either of such codefendants, but merely alleges as follows:

"That prior to the commencement of this action the defendant Butterly assigned to the defendant Augustine an undivided one-tenth interest in the said claim and cause of action, and that he is still the owner thereof, and that the said Butterly is still the owner of an undivided eight-tenths thereof, and that said parties decline to join with this plaintiff as coplaintiffs."

No doubt, the debtor might compel the bringing in of the assignor if his presence were necessary to protect the debtor's rights. While a debtor in such a case cannot bar a recovery "upon the objection that a transfer of a part of an entire debt might subject him to several actions to enforce the payment of a single obligation," he may nevertheless "demand the bringing in of all interested parties, if the protection of his interests should require it." Barker, P. J., in Lauer v. Dunn, 52 Hun, 191, 5 N. Y. Supp. 161, above cited. And if the plaintiff alleged that his assignment of part of the claim was disputed by the assignor or by the assignee of another part, he might well make them codefendants with the debtor, and invoke the judgment of the court on its equity side to settle and adjudicate their several claims. But when the debtor does not demand the presence of these parties, but is content to litigate the plaintiff's claim just as he presents it, and the plaintiff states no cause of action against these codefendants, is not the debtor en-

titled to have the allegation as to the assignment of another part interest to one of them and the retention of the remainder of the claim by the assignor stricken out of the complaint, as irrelevant, when its presence there may have been the effect of changing the mode of trial to which he would otherwise be entitled? I think this question must be answered in the affirmative. The learned judge who heard the motion below appears to have denied it because it sought to strike out not only the paragraph I have quoted, but also to strike out the names of the codefendants as parties, and this he thought he had no power to do. But the appellant does not now insist upon that relief. I think the motion should be granted so far as to strike out paragraph 126 of the complaint and the paragraphs numbered 2 and 3 in the prayer for judgment, with leave, however, to the plaintiff, if so advised, to serve an amended complaint setting out a cause of action against the defendants Butterly and Augustine, if she has any such cause of action enforceable herein.

Order reversed, without costs, and motion granted in part, in accordance with the opinion of BARTLETT, J. All concur.