Supp. 410, and cases there cited); and since the proof showed a different contract from the one alleged or fairly foreshadowed, and that difference brought the case within the statute, the defendant could avail himself of the statute, without pleading it (Fanger v. Caspary, supra; Closson v. Thompson Pulp & Paper Co., 112 App. Div. 273, 97 N. Y. Supp. 1113).

The order appealed from should therefore be reversed, with $10 costs and disbursements. All concur.

(125 App. Div. 735.)

## DICKINSON v. TYSON.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. ACTIONS—CONTRACT—SEVERANCE OF ACTIONS.

There can be but one action at law for a single breach of a contract, as the claim cannot be divided and made the sub;· ·t of several actions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Actions, §§ 549–623.]

2. ASSIGNMENTS—ACTIONS BY ASSIGNEE—PARTIES—BRINGING IN NEW PARTIES—AUTHORITY—COURTS OF EQUITY—LAW COURTS.

In equity the assignee of a part of a claim may bring an action to enforce it, and if a complete determination of the controversy cannot be had without the presence of other parties the court can bring them in, under Code Civ. Proc. § 452, providing that, where a complete determination of a controversy cannot be had without the presence of other parties, the court must direct them to be brought in; but a law court has no such power.

3. JUDGMENT—RES JUDICATA—SPLITTING CAUSE OF ACTION.

If, in an action by the assignee of a part of a claim, the debtor objects to other parties being brought in and consents to an action on a part of the claim only, a part of the action may be litigated, and it will not be a bar to another action on the remainder of the claim; but this cannot be done against the objection of the debtor.

4. ASSIGNMENTS—ACTIONS BY ASSIGNEE—ASSIGNEE OF PART OF CLAIM—PARTIES—ASSIGNOR.

In an action to recover a commission for the sale of real estate by a third party, who had assigned a part of his claim for compensation to plaintiff, the complaint showing that defendant promised to pay a certain sum as commission, and that only part of the claim was assigned, the assignor should have been made a party plaintiff to the action, and the complaint is fatally defective on demurrer for failure to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, § 214.]

5. SAME—MODE OF OBJECTION—DEMURRER—WAIVER.

Under Code Civ. Proc. § 488, providing that a defendant may demur to the complaint when there is a misjoinder of parties plaintiff, and section 499, providing that, when an objection is not taken by demurrer or answer, defendant is deemed to have waived it, except objections to the jurisdiction, or that no cause of action is stated, an objection that a complaint in an action by the assignee of a part of a claim was defective in not joining the assignor was properly raised by demurrer, and failure to raise it in that manner would have waived the objection.

6. SAME—COMPLAINT—SUFFICIENCY.

Code Civ. Proc. § 481, requires a complaint to contain a plain and concise statement of the facts constituting the cause of action, and, in an action for the nonpayment of money under a contract, nonpayment is a fact which constitutes a breach of the contract, and must be affirmatively alleged; and where defendant agreed to pay another a certain sum as

commission for selling real estate, in an action by plaintiff, as assignee of the claim, the failure of the complaint to allege nonpayment of plaintiff's claim, the complaint only alleging nonpayment of plaintiff's assignor, rendered the complaint fatally defective on demurrer.

Appeal from Special Term.

Action by John J. Dickinson against David J. Tyson. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Judgment reversed, and demurrer sustained, with leave to amend.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arthur D. Greenfield, for appellant.
Louis Fridiger, for respondent.

McLAUGHLIN, J. The complaint alleged that the defendant employed one Quimby and Mudgett to sell certain real estate on Staten Island for $120,000; that in pursuance of such employment they procured a purchaser (one Brooks) at the price named, and a contract was entered into between him and the defendant, $4,000 of the purchase price being then paid; that at the time of the execution of the contract it was agreed between the defendant and Brooks that title was to be taken in the name of one Jones for Brooks' benefit; that Jones subsequently took title; that in consideration of procuring such purchaser the defendant agreed to pay to Quimby and Mudgett a commission of 5 per cent. of the purchase price, or $6,000, to be divided between them, share and share alike, $600 of which sum was to be paid at the time of the execution of the contract and the balance of $5,400 when the deed was executed; that "no part of said sum of six thousand dollars ($6,000) has been paid by the defendant to the said Quimby and Mudgett, excepting the sum of six hundred dollars ($600), and that there is now due and owing from the defendant to the said Quimby and Mudgett the sum of five thousand four hundred dollars ($5,400), with interest"; that prior to the commencement of the action Quimby and Mudgett duly assigned to the plaintiff part of their right, title, and interest in the commissions for making such sale, the former to the extent of $1,350 and the latter to the extent of $2,250. The judgment demanded is for $3,600, with interest. The defendant demurred to the complaint upon the grounds (1) that it did not state facts sufficient to constitute a cause of action, and (2) that it appears upon the face thereof that there is a defect of parties, in that Quimby and Mudgett, mentioned and referred to therein, are not joined as parties plaintiff or defendant. The demurrer was overruled, and defendant appeals.

The rule seems to be well established by a long line of authorities that there can be but one action for a single breach of contract. It was so stated as far back as Farrington v. Payne, 15 Johns. 432, Smith v. Jones, Id. 229, and Miller v. Covert, 1 Wend. 487; and these authorities are cited with approval in Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663. In the recent case of Pakas v. Hollingshead, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, the Miller Case is also cited with approval, and the

statement is there made that there can be but one action for damages for a total breach of an entire contract. The basis of the rule is tersely stated in Scoor v. Sturgis, 16 N. Y. 548, which is that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several actions, and, if several actions be brought for different parts of such claim, the pendency of the first may be pleaded in abatement of the other, and a judgment upon the merits in either will be available as a bar to the other; and in Perry v. Dickerson, supra, that "the law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each, and neither in this way, nor by withholding proof of particular items on the trial, nor by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be prevented. There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of contract." The rule in equity is different. There an assignee of part of a claim may maintain an action to enforce the same (Field v. Mayor, 6 N. Y. 179, 57 Am. Dec. 435; Risley v. Phenix Bank of the City of New York, 83 N. Y. 318, 38 Am. Rep. 421; Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707), and, if a complete determination of the controversy cannot be had without the presence of other parties, then the court must direct them to be brought in (section 452, Code Civ. Proc.). In an action at law for a money judgment only, however, the court has no such power. It cannot in such case compel the bringing in of additional parties. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30; Long v. Burke, 105 App. Div. 457, 94 N. Y. Supp. 277; Horan v. Bruning, 116 App. Div. 482, 101 N. Y. Supp. 986.

It is urged by the respondent that the rule above referred to has been so far modified that an action at law may now be maintained to enforce part of a claim, and in this connection our attention is called to Chase v. Deering, 104 App. Div. 192, 93 N. Y. Supp. 434. It is true there are expressions in the opinion which would seem to support the claim; but, when the whole opinion and the question presented for determination are considered, I do not believe the court intended to hold that the assignee of part of an entire claim could maintain an action at law if the debtor insisted that all of the parties interested in the claim should be made parties to the action. There the debtor objected to the presence of the other parties to the claim, other than the plaintiff. Having raised the objection, and asked that all references in the complaint to the other parties be stricken out, he undoubtedly waived his right to have the whole claim determined by a single action, and a judgment would not have been a bar to an action by the owners of the remainder of the claim. To this extent the assignee of part of a cause of action has a legal title, and to such extent successive actions may be brought, with the consent, but not against the objection, of the debtor. That the court did not intend to lay down a different rule would seem to follow from the decision in King v. King, 73 App. Div. 547, 77 N. Y. Supp. 40. There the state-

ment is made that "only one action can be maintained for the debt in its entirety. This is sustained by clear authority, so far as an action at law is concerned." In this statement the learned justice who wrote the opinion in Chase v. Deering, supra, according to the report of the case, concurred. See, also, Maasch v. Grauer, 123 App. Div. 669, 108 N. Y. Supp. 54.

In the case now before us the defendant, according to the allegations of the complaint, agreed to pay the commission claimed. This was a single, indivisible obligation, to enforce which only one action at law can be maintained. Quimby and Mudgett, had they brought an action, could not have split up their claim. They would have had to recover in the action brought all to which they were legally entitled. The recovery in one action would have been a bar to a recovery in another. This, I take it, no one will dispute. It seems to me illogical, therefore, to say that they can do by assignment what the court would not permit them to do by action; in other words, that they can do through a third party what they could not themselves do. The claim might be assigned as a whole, and an action maintained thereon; but, if only a part be assigned, then, when an action is brought to enforce that part, defendant has a legal right to insist that all the parties who have an interest in the claim shall be made parties to the action, to the end that the one action may determine the rights of all.

It appears upon the face of the complaint that each of the plaintiff's assignors has retained an interest in the original claim, and a final and complete determination of defendant's liability to pay cannot be ascertained without their presence in the action. There is, therefore, a defect of parties, and this was properly raised by demurrer. Unless it had been thus raised, it would have been waived. Code Civ. Proc. §§ 488–499; Fawcett v. City of New York, 112 App. Div. 155, 98 N. Y. Supp. 286. That there is a defect of parties seems to me necessarily to follow when the obligation which the defendant originally assumed is considered. He promised to pay, if the allegations of the complaint be true, $5,400 when the deed was executed. It was a separate, distinct, and indivisible promise, and implied that but one action should be brought to enforce it. The persons to whom the promise was made might assign to another the right to enforce the same, either in whole or in part; but they could not give to their assignee more than they themselves had, which was the right to enforce the promise in a single action, against the objection of the debtor. If they could, it is not difficult to see that by assignments upwards of 100 actions might be maintained in the Supreme Court, in which the costs, if a recovery were had, would largely exceed the amount of the original claim. This is a situation which the law will not tolerate, inasmuch as defendant never contracted with reference to it.

If the foregoing views be correct, then it follows that the demurrer should have been sustained, on the ground that there is a defect of parties. I am also of the opinion the demurrer should have been sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action. It certainly does not if it be read literally, because the allegation is that:

"There is now due and owing from the defendant to the said Quimby and Mudgett the sum of five thousand four hundred dollars ($5,400)."

This, of course, negatives the allegation that there is anything due the plaintiff; and if it be assumed, as claimed in respondent's brief, that this is a mere clerical error, and the words "on said contract" should be substituted in place of the words "to the said Quimby and Mudgett," I still think the complaint is defective, because it fails to allege nonpayment. Code Civ. Proc. § 481, provides that a complaint must contain a plain and concise statement of the facts constituting the cause of action. Under this provision whatever facts are essential to be proved to entitle the plaintiff to recover upon the trial must be set out in the complaint. Upon a contract for the payment of money, nonpayment is a fact which constitutes the breach of the contract, and is the essence of the cause of action, and, being such, within the provision of the Code, that fact must be alleged in the complaint.

It is suggested that inasmuch as payment is always an affirmative defense, which must be pleaded in order to be available, it necessarily follows that nonpayment need not be alleged. This does not follow. The reason why nonpayment must be pleaded is clearly set forth in the opinion in Lent v. New York & Massachusetts Railway Co., 130 N. Y. 504, 29 N. E. 988. Upon both grounds, therefore, I think the demurrer should have been sustained.

It follows that the interlocutory judgment appealed from must be reversed, and the demurrer sustained, with costs in this court and in the court below, with leave to the plaintiff to serve an amended complaint upon payment of such costs. All concur.