PACKARD et al. v. AUTOMOBILE CLUB OF AMERICA.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

1. ASSIGNMENTS ☞131—PLEADING —SUFFICIENCY.
    A complaint by an assignee for goods sold defendant, failing to allege nonpayment to plaintiff's assignor, states no cause of action.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. ☞131.]

2. PLEADING ☞406—DEFECTS—WAIVER.
    Where no motion at the opening of trial is directed to a complaint by an assignee, defective because failing to allege nonpayment to plaintiff's assignor, the defect, if supplied by proof, is waived.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. ☞406.]

3. ASSIGNMENTS ☞23—GOODS SOLD—TIME OF ASSIGNMENT.
    Plaintiff, suing on an assignment of claim for goods sold and delivered to defendant, failed to prove a cause of action, where it was shown that the assignment was made before any goods were delivered to defendant.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 40, 41; Dec. Dig. ☞23.]

4. ASSIGNMENTS ☞137—GOODS SOLD—EVIDENCE OF ESTOPPEL.
    In an action on an assignment of claim for goods sold and delivered to defendant, evidence *held* insufficient to show that defendant was estopped by O. K.'ing the account from setting up that no goods had been delivered prior to the assignment.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 234; Dec. Dig. ☞137.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Moses Packard and Nathan J. Packard against the Automobile Club of America. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Carter, Ledyard & Milburn, of New York City (Edwin D. Bechtel, of New York City, of counsel), for appellant.

Isaac Josephson, of New York City, for respondents.

GUY, J. The verified complaint alleges a sale and delivery by Tagart & West Incorporated, to the defendant, on or about May 2, 1913, of seven tons of linotype metal at the agreed price of $200 per ton; that thereafter, and on or about November 20, 1913, the vendor duly transferred to the plaintiffs "the cause of action hereinbefore set forth and the money due thereunder"; and judgment is demanded for $500. On the trial the plaintiffs were allowed to give evidence tending to show that the assignment was made on or about May 17, 1913, over five months before the date alleged in the complaint. No delivery of the metal to the defendant on or before May 17, 1913, was proven.

It appears that the plaintiffs' assignor had the contract for printing, binding, and publishing the defendant's 1913 tour book, and on or about June 5, 1913, an arrangement was made between them by which the assignor was to keep in its shop, separate and apart from its own stock, the 14,000 pounds of metal in question, 240 reams of paper, and a quantity of leather for binding; that the sum of $7,000 was agreed upon as the price to be paid by defendant to the assignor for this material, and also labor to be performed by the publisher; that on May 26, 1913, $1,000 had been paid by defendant on account, and on June 5th the balance, $6,000, was paid by check, which included $1,400 for the linotype metal. Subsequently defendant brought a replevin action for the possession of this property, but only a small portion was recovered. No claim was made by the plaintiffs herein against defendant until about December, 1913.

Although Mr. Tagart, president of plaintiffs' assignor, testified that he sold the metal to the defendant on May 2, 1913, and that "the price appearing on the bill is $1,400," he further stated:

"The consideration of this metal was I should get all the printing of the Automobile Club of America, and that I should get this metal and start to print the year book, a job that ran into thousands and thousands of dollars."

[1-3] The complaint failed to state a cause of action, for the reason that it contained no allegation of nonpayment by the defendant to plaintiffs' assignor (Dickinson v. Tysen, 125 App. Div. 735, 110 N. Y. Supp. 269); but, considering the proof at the end of the plaintiffs' case, this defect may be regarded as having been waived by the defendant, in the absence of a motion at the opening of the trial based on the insufficiency of the pleading. Nevertheless the plaintiffs failed to prove the cause of action alleged, which was an assignment of a claim for goods sold and delivered to the defendant, for, as before stated, no delivery to the defendant on or before May 17, 1913, was proven.

[4] The plaintiffs contend that the defendant is estopped from denying the existence of a cause of action against it in their favor, because it is claimed that one T. S. Trebell, an employé, but not an officer, of defendant, O. K.'d the account before the assignment was accepted by them. It also appears, however, from the plaintiffs' tes-

timony, that on or about May 17, 1913, they sent a written request to the defendant for the confirmation of the account, inclosing a post card for reply, and no answer was received from the defendant. Tagart testified that he was not positive of the date when Trebell O. K.'d the account; that he should say "it was within two or three days of this time"; that he did not believe the O. K. was given in June, 1913. The plaintiffs failed to establish the alleged cause of action which they attempted to set out in their complaint, and their claim arising out of the alleged estoppel of the defendant was not satisfactorily proven.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.