HENRY CARVILL, Respondent, v. MIRROR FILMS, INC., Appellant.

First Department, June 15, 1917.

Master and servant — assignment of claim — action for breach of contract of employment — defense — judgment in prior action by assignee of claim for breach of contract — damages — enforcement in equity of partial assignment — waiver of rule that only one recovery may be had on same cause of action.

Where, in an action for wrongful discharge, it appears that the plaintiff was employed for a term of one year beginning January 1, 1916, at a stated salary per week; that he commenced work on January seventeenth and after about three weeks was discharged; that on February fourteenth he made an assignment of his claim for damages for a breach of the defendant's agreement " covering all damages which have accrued to me or may accrue up to March 6, 1916, reserving to myself all damages which may accrue after said date; " that on February twenty-fourth the assignee brought an action in the Municipal Court against the defendant in which the pleadings were oral and in which a judgment was rendered for the plaintiff, and that the defendant had no knowledge or means of knowing that the assignment was a partial one, said judgment is a defense in the present action and the complaint should be dismissed.

A plaintiff's claim in an action for wrongful discharge is for unliquidated damages resulting from the master's breach of the contract of employment, and so far as regards the period subsequent to the dismissal only a single cause of action accrues, although compensation is payable in installments.

If a servant elects to sue for damages for a breach of the contract prior to the expiration of the term of employment, he may recover for the whole term.

There can be but one recovery for a single breach of a contract.

A party cannot split a single cause of action and bring several actions to recover the damages flowing therefrom. Nor can he split a single cause of action into several parts and by assignment give the right to others to severally sue to recover their part.

While a court of equity recognizes and enforces a partial assignment, it does not allow the recovery of a partial amount in favor of the assignee in one suit and the maintenance of another action by the assignor, but insists that all the parties interested in the cause of action must be before the court that all their rights may be adjusted in one action.

The rule that where one suit has been brought and recovery had for a portion of the claim, a subsequent action thereon is barred, is for the protection of the debtor, and may be waived by him.

SMITH, J., dissented, with opinion.

APPEAL by the defendant, Mirror Films, Inc., from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on or about the 14th day of February, 1917, reversing a judgment in the Municipal Court of the City of New York for the third district, borough of Manhattan, in favor of the defendant and granting judgment for the plaintiff.

*John J. Curtin,* for the appellant.

*Paul N. Turner,* for the respondent.

PAGE, J.:

The case was submitted to the Municipal Court on an agreed statement of facts which are substantially as follows: That on October 7, 1915, plaintiff was employed for a term of one year beginning January 1, 1916, at a salary of $100 per week. The plaintiff commenced work on January seventeenth and worked continuously until February 5, 1916, and was paid for these three weeks. On February 4, 1916, the plaintiff notified the defendant that his services would not be required after February 5, 1916. On February 14, 1916, the plaintiff made an assignment to one Jones of "All that certain claim and demand which I have against the Mirror Films, Inc. for damages for the breach of its agreement of hiring with me, this assignment covering all damages which have accrued to me or may accrue up to March 6, 1916, reserving to myself all damages which may accrue after said date." On the 24th day of February, 1916, Jones brought

an action in the Municipal Court against the defendant herein for the sum of $600 by the service of a summons indorsed " Breach of contract and assignment." Such proceedings were had in said action that on the 4th day of March, 1916, the plaintiff therein recovered judgment against this defendant for $600 damages exclusive of costs for the six weeks' salary from the date of his discharge to March 6, 1916. This judgment the defendant paid. The present action was commenced by the service of a summons on the 13th day of June, 1916, and thereafter a verified complaint was filed to which the defendant filed an answer, denying the material allegations of the complaint, and as a defense set up the assignment of the cause of action to Jones and the recovery of the judgment by him. Upon the agreed statement of facts judgment was given for the defendant dismissing the complaint, with costs. This judgment was reversed by the Appellate Term and judgment granted for plaintiff for $1,000 damages, besides costs (98 Misc. Rep. 650).

It has long been settled that the plaintiff's claim in an action for wrongful discharge is for unliquidated damages resulting from the master's breach of the contract of employment, and that so far as regards the period subsequent to the dismissal only a single cause of action accrues, although compensation is payable in installments. The reason for this rule is that the contract for hire of a person for a specified period for a certain sum payable at fixed intervals during the period is entire and indivisible. Although the compensation be fixed in the contract the damages arising from the breach thereof are unliquidated because they are subject to reduction by circumstances arising subsequent to the discharge, viz., employment or opportunities for employment.

If the servant elects to sue for damages for the breach of the contract prior to the expiration of the term of employment, this court is committed to the rule that he can recover damages for the whole term. (*Davis* v. *Dodge*, 126 App. Div. 469; *Cottone* v. *Murray's*, 138 id. 874.)

It has been a settled and well-understood principle of law that there can be but one recovery for a single breach of a contract. (*Secor* v. *Sturgis*, 16 N. Y. 548; *Perry* v. *Dickerson*, 85 id. 345; *Dickinson* v. *Tysen*, 125 App. Div. 735, 737.)

Therefore, if the first action had been between the parties hereto, and the plaintiff had asked for his damages up to March sixth there could be no doubt that his recovery of judgment in that action would bar a second action to recover damages accruing after March sixth up to the end of the term of employment. A party cannot split a single cause of action and bring several actions to recover the damages flowing therefrom. Nor can he split a single cause of action into several parts and by assignment give the right to others to severally sue to recover their part. That which he could not do himself he cannot authorize another to do for him. It cannot be questioned but that a single debt may be partially assigned to one or more assignees, but such an assignment creates equitable rights in the assignees which can be enforced in a court of equity alone, and in an action to which the assignor and assignees as well as the debtor are parties, so that a court of equity can adjust its relief to the satisfaction of the rights of the parties. While a court of equity recognizes and enforces a partial assignment it does not allow the recovery of the partial amount in favor of the assignee, in one suit, and the maintenance of another action by the assignor, but insists that all the parties interested in the cause of action must be before the court that all their rights may be adjusted in one action, thus recognizing and enforcing the rule that the cause of action cannot be split and the debtor forced to submit to several actions. Where the court has both common-law and equity jurisdiction and has the power to bring in other parties interested in the action, it is true that the objection that to allow an assignment of part of an entire claim might subject the creditor to several actions to enforce a single obligation has much less force than in a forum having only common-law jurisdiction (*Risley* v. *Phenix Bank of City of New York*, 83 N. Y. 318, 329), for the reason that the defendant may by appropriate pleading or motion defeat the action or require the presence of the other parties. But this does not change nor weaken in the least the principle that separate suits cannot be brought on the same cause of action to recover parts thereof, and that where one suit has been brought and recovery had for a portion of the claim a subsequent action thereon is barred.

First Department, June, 1917.          [Vol. 178.

It is argued that this rule is for the protection of the debtor and may be waived by him. This is well settled. (*Carrington* v. *Crocker*, 37 N. Y. 336.) Thus in *Mills* v. *Garrison* (3 Keyes, 40) where a party had agreed to purchase four bonds and refused to complete his purchase, but had agreed that if the plaintiff would bring an action in a court of limited jurisdiction and was successful, he would take and pay for the remaining bonds. This was held to be an agreement to waive the protection against dividing an entire cause of action. It has also been held that the rule did not apply in case there was strong suspicion that the action by the assignee was brought with the collusion of the debtor. (*Fourth National Bank* v. *Noonan*, 14 Mo. App. 243, 247; 88 Mo. 372, 376.) Under such circumstances the court held that by failing to object to the action by the assignee the debtor waived his right to resist a payment in fractions and consented to the partial assignment. It is argued that the same result follows in this case. There would be force in the contention if the debtor had been afforded an opportunity to make his objection in the action by the assignee. The action was in the Municipal Court, which has no equitable jurisdiction, the pleadings were oral, the plaintiff declared on an assigned claim for damages for breach of contract up to March sixth. The terms of the assignment were not disclosed by the pleadings nor by the bills of particulars filed in the case. There was nothing to show that the entire claim had not been assigned, the limitation of the damages " up to March 6 " was entirely consistent with a full assignment, if the servant had secured employment from March sixth onward. The defendant could not demur, nor could it plead the partial assignment in defense, for the reason that it had no knowledge thereof. The assignment was put in evidence and for the first time its terms were disclosed. At that stage of the case, its effect was to be considered by the court with the other evidence in the case in arriving at its decision. Clearly, if the court considered this instrument to be a partial assignment he would have dismissed the complaint, as such an assignment is only enforcible in a court of equity. He must, therefore, have determined that it was a legal assignment of the claim. The instrument is capable of such construction. It assigns "All

that certain claim and demand which I have against the Mirror Films, Incorporated, for damages for the breach of its agreement of hiring with me, this assignment covering all damages which have accrued to me, or may accrue up to March 6, 1916, reserving to myself all damages which may accrue after said date." The entire damage accrued upon the breach of the contract, and no damage could accrue thereafter. There was, therefore, nothing reserved out of the assignment. I am of opinion that the determination of the Appellate Term should be reversed and that of the Municipal Court reinstated, with costs.

CLARKE, P. J., and DOWLING, J., concurred; SMITH, J., dissented.

SMITH, J. (dissenting):

In *Risley* v. *Phenix Bank of City of New York* (83 N. Y. 329) Judge ANDREWS says: " The claim that there can be no valid assignment of a part of an entire debt or obligation is opposed to the well settled rule in this State [citing authorities]. * * * The tendency of modern decisions is in the direction of more fully protecting the equitable rights of assignees of choses in action, and the objection that to allow an assignment of part of an entire claim might subject the creditor to several actions to enforce a single obligation has much less force under a system which requires all parties in interest to be joined as parties to the action."

This rule was approved and followed in *Chambers* v. *Lancaster* (160 N. Y. 348) and has never since been questioned in this State.

In *King* v. *King* (73 App. Div. 547) it was held that an assignee of a one-fifth interest in a promissory note could not maintain a separate action at law to enforce his fractional interest. That the rule is different in equity has been held by this court in *Dickinson* v. *Tysen* (125 App. Div. 735).

It is undoubtedly true that plaintiff cannot separate an entire claim and sue for a part only without barring his right to sue for the balance. If, however, he assigns part only of his claim it cannot be possible that the assignee may sue the debtor for the part assigned and the assignor be barred

First Department, June, 1917.    [Vol. 178.

from prosecuting the balance. He is not thus at the mercy of his partial assignee. If the assignee of a part, therefore, sue for his claim the defendant may object that such suit cannot be brought unless he make a party the owner of the balance of the claim that defendant may not be vexed with more than one action. If, however, he joins issue without objection or proceeds with the trial without objection after the fact appears from the evidence that the assignment is only partial he waives his right to have the full claim prosecuted in one action. So in *Dickinson* v. *Tysen* (*supra*) the opinion referring to the case of *Chase* v. *Deering* (104 App. Div. 192), in which was sought to be enforced an assignment of a part only of a claim, said: " There the debtor objected to the presence of the other parties to the claim other than the plaintiff. Having raised the objection, and asked that all references in the complaint to the other parties be stricken out, he undoubtedly waived his right to have the whole claim determined by a single action and a judgment would not have been a bar to an action by the owners of the remainder of the claim."

A more serious question arises as to whether all of the claim or a part only thereof was assigned. It will be remembered that the contract with Carvill was terminated by the defendant upon February fifth. At that time, assuming the contract to have been unlawfully terminated, Carvill had his right of action for the full contract price up to the first of the succeeding January, so that all the damage was in fact then due. (*Howard* v. *Daly*, 61 N. Y. 362.) The assignment assumes to transfer to Jones the damages " for the breach of its [the corporation's] agreement of hiring with me, this assignment covering all damages which have accrued to me, or may accrue up to March 6, 1916, reserving to myself all damages which may accrue after said date." By strict legal construction all of the damage for the breach of the contract might well be deemed to have been thus assigned, but courts endeavor to ascertain the intent of the parties, and if the intent of the parties is apparent upon the face of the instrument, then the court will give effect to the instrument as expressing that intent. In *Howard* v. *Daly* (*supra*) it is held that the damages in such an action even though the action

be commenced immediately after the breach and before the expiration of the term of the agreed employment "are *prima facie* the *amount of the wages* for the full term." In the assignment to Jones, Carvill reserved to himself all damages which might accrue after March 6, 1916. It is impossible to give effect to that reservation except by holding that the intention of the instrument was to pass to Jones the right to recover the damages measured by the wages due prior to March 6, 1916, and to reserve to himself the right to recover damages measured by the wages thereafter due. Any other construction of this assignment would seem to me so technical and so at variance with the clear intention of the parties that it would discredit the administration of the law. Jones made no claim for the wages for the year. He interpreted the contract as entitling him only to recover the wages up to March sixth and in his action against the defendant has recovered upon that interpretation. This then is the practical construction given to the contract by both parties thereto, and should be deemed controlling upon the court. Regarding this assignment, then, as an assignment of part of the claim only, the neglect of the defendant to object that Jones could not recover in a separate action without making this plaintiff a party to that action, should, I think, be deemed a waiver of the defendant's right to insist that it be subjected to one action only for the breach of the contract.

In the agreed statement of facts it appears that after the breach of this contract by the defendant the defendant offered the plaintiff employment at the rate of twenty dollars per day, which he refused. If such offer was of similar employment the plaintiff was bound to accept that offer in order that he might diminish his damage, which he was in duty bound to do, but the record does not show that the offer was of a similar employment, nor does it show for what length of time the employment at twenty dollars a day was offered. There are not sufficient facts, therefore, in the agreed statement of facts upon which this case was tried to show that the plaintiff violated any duty to the defendant in failing to diminish the damage which he should suffer by the defendant's breach of the contract. The defendant makes no claim upon

this submission that the right of the plaintiff to recover the full damage is in any way impaired by his failure to accept other employment of a similar nature offered to him.

I recommend, therefore, that the judgment be affirmed, with costs.

Determination of Appellate Term reversed and judgment of Municipal Court reinstated, with costs.