Joseph W. Porter and Another, Respondents, *v.* The Lane Construction Corporation, Appellant.

The Farmers' Reliance Mutual Insurance Company of Chemung, Schuyler and Yates Counties, State of New York, Respondent, *v.* The Lane Construction Corporation, Appellant.

Fourth Department, March 11, 1925.

**Pleadings — actions to recover damages caused by destruction of barn by fire through negligence of defendant — one action by owner as to part of claim, and other by fire insurance company, assignee of remainder of claim — failure to raise question that cause was improperly split was waiver of right to object at trial — defendant should have moved under Civil Practice Act, § 278, on ground of defect of parties, or under Civil Practice Act, § 96, for consolidation of actions.**

An objection that a cause of action against the defendant to recover damages caused by the destruction of a barn by fire through the defendant's negligence was improperly split in that one action was brought by the owner of the barn for a part of the claim, and another action by a fire insurance company, an assignee of the remainder of the claim, was waived by the failure of the defendant to take advantage of his rights before trial by moving under section 278 of the Civil Practice Act on the ground of a defect in parties plaintiff, or by a motion under section 96 of the Civil Practice Act for a consolidation of the actions.

APPEAL in each of the above-entitled actions by the defendant, The Lane Construction Corporation, from two separate judgments of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Yates on the 22d day of October, 1923, upon the decision of the court rendered after a trial at the Yates Trial and Special Term before the court, a jury having been waived.

*James O. Sebring,* for the appellant.

*Lewis H. Watkins,* for the respondents.

CROUCH, J.:

The Porters owned a barn which is claimed to have been negligently fired by defendant, which operated a road roller within a short distance of it. The total damage was $8,305.40. Under a policy of insurance the insurance company paid the Porters $2,485, and, in addition to its right as subrogee, took an assignment *pro tanto.* Thereupon these two actions were brought against the defendant. Each complaint charged negligence, and set up the facts with reference to the payment of insurance. The Porter action asked for judgment for the difference between the total loss and the amount of insurance received. The insurance company action asked judgment for the amount paid under its policy. The answers were a denial, payment, pendency of another action for the same cause, and contributory negligence.

The summons in each action bore the same date, and was, together with the complaint in each action, served on the same day by the same person and upon the same officer of the defendant.

Both actions were moved at law for trial at the same time, a jury being waived. Counsel for defendant said he made no objection to the trial of the two actions together as a matter of convenience, but insisted that the rights of defendant in each action be preserved. He thereupon moved for a dismissal, first in one case and then in the other, upon the ground that the complaint failed to set forth facts sufficient to constitute a cause of action, and because it appeared from the face of the complaint that the cause of action had been split contrary to law.

The motions were denied, the trial had, and a decision containing findings of fact and conclusions of law was made in each case in favor of plaintiff.

The questions of causation and of negligence were for the trier of fact. The findings have sufficient support in the evidence and in the permissible inferences therefrom. They are affirmed without discussion.

The question arising from the splitting of the cause of action and the bringing of separate suits merits brief comment.

A cause of action for injury to property rights is assignable. (Pers. Prop. Law, § 41; *Bennett* v. *Wolfolk*, 80 Hun, 390.)

There may also be a valid assignment of part of an entire debt or obligation. (*Risley* v. *Phenix Bank of City of New York*, 83 N. Y. 318.)

Nor has there been any doubt that a partial assignee might enforce his claim in equity. (*O'Dougherty* v. *Remington Paper Co.*, 81 N. Y. 496; *Dickinson* v. *Tysen*, 125 App. Div. 735, 737.)

As to whether he might do so at law, the authorities seem to conflict. Compare *Dickinson* v. *Tysen* (*supra*); *Carvill* v. *Mirror Films, Inc.* (178 App. Div. 644; affd., 226 N. Y. 683); *Goodwin* v. *Investors, etc., Co.* (210 App. Div. 38, 40) with *Chase* v. *Deering* (104 id. 192). In equity all parties in interest could be brought in and their rights determined. At law, it was said, this might not be done, and hence, under the rule against splitting causes, an action at law by a partial assignee did not lie. (*Dickinson* v. *Tysen, supra,* 738.)

The refusal of the common-law courts to take jurisdiction where a money judgment alone was sought, was based on the theory that the partial assignee's ownership was equitable and not legal. That theory, it seems, was chiefly due to difficulties relating to joinder of parties under common-law rules. Since all persons having separate interests could not be joined in one action, to recognize a partial assignee's ownership as legal was to subject the debtor to a multiplication of claims. (See " The Alienability of Choses in Action " by Walter Wheeler Cook, 30 Harv. L. Rev. 482, 483; cf. " The Real Party in Interest " by Clark & Hutchins, 34 Yale L. J. 259.)

But those difficulties of joinder probably disappeared under the Code of Civil Procedure. (Code Civ. Proc. §§ 446, 447, 448, 449, 3339; *Jacobs* v. *New York Central & H. R. R. R. Co.*, 107 App. Div. 134, 137; affd., 186 N. Y. 586; *Munson* v. *New York Central & H. R. R. R. Co.*, 32 Misc. 282.)

Certainly they no longer exist under the still broader and more flexible provisions of the Civil Practice Act. (Cf. *Sherlock* v. *Manwaren*, 208 App. Div. 538; also 24 Col. L. Rev. 749, 750.)

Hence, since the right of a partial assignee to enforce his claim depends merely upon the presence of the other partial owners, there seems to be no reason why he could not voluntarily make them parties in an action at law as well as in equity. If the debtor objects, as in *Chase* v. *Deering* (*supra*), he thereby consents to the action by the partial assignee alone.

If the partial assignee sues without bringing in the others, there is a defect of parties. If the debtor, for whose benefit alone the rule against splitting exists, desires to object, and thus protect himself, he may move under section 278 of the Civil Practice Act. If he omits to do so, he waives the defect and again consents · to the action by the partial assignee alone. (*Dickinson* v. *Tysen, supra; Carvill* v. *Mirror Films, Inc., supra.*)

If the debtor moves, the plaintiff must then bring in the others. Upon plaintiff's motion thus to amend, the court has power to act. (Civ. Prac. Act, § 192; Rules Civ. Prac. rule 102.)

If, as here, there are pending separate actions by those who together own the entire claim, they can be consolidated under section 96 of the Civil Practice Act.

Some of the cases which have discussed the question of splitting hold apparently that a complaint in an action at law brought by a partial assignee alone fails to state any cause of action. (*King* v. *King,* 37 Misc. 63; affd., 73 App. Div. 547; *Barkley* v. *Muller,* 164 id. 351; *Goodwin* v. *Investors, etc., Co., supra.*)

The holdings in *Chase* v. *Deering* (*supra*) and *Dickinson* v. *Tysen* (*supra*) seem to be to the contrary. We think, for the reasons above stated, that the question is one of parties, and not one of jurisdictional facts.

Defendant, by failing to take its objection by motion before trial, must be held to have waived it and consented to the actions in the form in which they were brought. Nor is it aided by the defense pleaded in each answer of the pendency of another action for the same cause. That objection might have been available by motion under section 278 of the Civil Practice Act, but was likewise waived.

The judgments should be affirmed, with costs.

HUBBS, P. J., CLARK, DAVIS and SEARS, JJ., concur.

Judgments affirmed, with costs.