TWO RECTOR STREET CORPORATION, Appellant, *v.* MURRAY BEIN and Others, Respondents.

First Department, May 10, 1929.

*Whitney North Seymour* of counsel [*Simpson, Thacher & Bartlett*, attorneys], for the appellant.

*Abraham Lillienthal* of counsel [*Murray Bein* with him on the brief; *Forscher, Lillienthal & Morris*, attorneys], for the respondents.

FINCH, J.  A final order was entered in the Municipal Court denying the petition of the landlord for possession of the premises leased, with judgment for the unpaid rent and damages for withholding.  The landlord appealed to the Appellate Term, which affirmed and an appeal therefrom was allowed by this court.

The question presented for review is whether the tenant of a law office was evicted from a portion thereof by the landlord, so as to deprive the landlord of the right to the payment of any rent under the lease, and to a recovery of the demised premises for the non-payment of such rent.

Well established is the principle that if there was a wrongful partial eviction of the tenant, the right of the landlord to enforce the payment of any rent under the lease was suspended for the period during which the tenant was deprived of the possession of any portion of the premises.  Judge PARKER, in *Christopher* v. *Austin* (11 N. Y. 216, 218), said: " The rule is, that if the landlord enter wrongfully upon or prevent the tenant from the enjoyment of a part of the demised premises, the whole rent is suspended till the possession is restored.  (*The Fitchburg Corporation* v. *Melven*, 15 Mass. R. 268.)  NELSON, Ch. J., said in *Lawrence* v. *French* (25 Wend. 445): ' His (the landlord's) title is founded upon this, that the land leased is enjoyed by the tenant during the term; if therefore, he be deprived of it, the obligation to pay ceases.'  And SPENCER,

Senator, in *Dyett* v. *Pendleton* (8 Cowen, 731), states as the reason for the rule: ' As to the part retained, this is deemed such a disturbance, such an injury to its beneficial enjoyment, such a diminution of the consideration upon which the contract is founded, that the law refuses its aid to coerce the payment of any rent.' It would be a palpable evasion of the rule and of the penalty the law imposes upon the landlord for a wrongful eviction, to hold that he may recover for use and occupation on a *quantum meruit*, when he is not permitted to recover on the agreement itself." And in *Fifth Avenue Building Company* v. *Kernochan* (221 N. Y. 370), Judge CARDOZO said: " If such an eviction, though partial only, is the act of the landlord, it suspends the entire rent because the landlord is not permitted to apportion his own wrong."

Are the facts in the case at bar such as to make the aforesaid rule applicable? The Two Rector Street Corporation leased a law office in the building owned by it to the tenant respondent, Murray Bein. Desiring to construct additional stories, it incorporated in the lease a reservation as follows: " VIII. * * * The Landlord shall have the right to make any repairs, alterations or improvements in and upon and about the building, or any part thereof, containing the room or rooms hereby demised, and the Landlord shall at all times have the right to build additions or other improvements to its building and to erect such other building or buildings on adjoining or neighboring premises as it shall see fit or deem proper, without any liability to the Tenant therefor in any event or for any cause."

Thereafter the landlord commenced alterations and improvements to the building, and incidental thereto a double hoist was temporarily constructed outside of the windows of the private office of the tenant and about four and one-half feet distant therefrom, thus shutting out a large portion of the light, air and view and, when the windows were opened, causing dust and some dirt and noise to enter. The amount of dust and dirt was trivial, the substantial damage claimed consisting of the noise and diminution of light, air and view. To the claim for rent and, in default thereof, possession, the tenant pleaded a defense of eviction and a counterclaim for damages suffered. At the opening of the trial the counterclaim was withdrawn, leaving solely the defense of eviction. Laying aside for the moment the exculpating clause expressly provided in the lease, if there was no actual eviction, the landlord was entitled to prevail. The question, therefore, is whether the acts complained of, even if they went beyond the right reserved in the lease, constituted in any event more than what is denominated a constructive eviction to distinguish it from an actual eviction. The only substantial question presented in

this connection by this record is whether less light could have been cut off while the work was in progress by a different method of constructing the hoist. In other words, there was no actual eviction of the tenant from any portion of the premises. The tenant continued in possession of the entire premises, of which there was no actual invasion by the landlord of any part. At the most, the acts of the landlord tended to make a portion of the premises less enjoyable and might have constituted a constructive eviction from such portion of the premises, had the tenant surrendered the premises because of such acts. A necessary element of a constructive eviction is a surrender by the tenant of the demised premises. A tenant cannot claim uninhabitability, and at the same time continue to inhabit. If the tenant remains in occupancy the obligation to pay rent continues and any wrongful acts of the landlord do not constitute a defense to the action for rent, but may be set up as a counterclaim if arising out of a breach of the contract of lease.

The rule applicable is stated by Judge GROVER in *Edgerton* v. *Page* (20 N. Y. 281, 284) as follows: " That no general principle is better settled, or more uniformly adhered to, than that there must be an entry and expulsion of the tenant by the landlord, or some deliberate disturbance of the possession depriving the tenant of the beneficial enjoyment of the demised premises, to operate a suspension or extinguishment of the rent. The rule contended for by the defendant is a very different one, suspending or extinguishing the rent whenever the enjoyment, in consequence of the tortious acts of the lessor, becomes less beneficial than it otherwise would have been. The true rule, from all the authorities is, that while the tenant remains in possession of the entire premises demised, his obligation to pay rent continues."

In *Fifth Avenue Building Company* v. *Kernochan* (*supra*), Judge CARDOZO, writing for the court, was careful to point out that " we are dealing now with an eviction which is actual and not constructive." It thus appears that the tenant failed to establish the defense of eviction to the action. As noted, the tenant's counterclaim for damages was withdrawn. The tenant, therefore, relied upon a defense of eviction when there was none, but only a diminution in the value of the premises rented and occupied which could be taken advantage of solely through a counterclaim. This result does not rest on technical but upon substantial grounds, for if the tenant could occupy the entire premises and still claim a defense to the payment of any rent therefor, as he has done in this action, a damage to the leasehold, trifling in itself and which the tenant could be exactly compensated for, would cause a penalty,

unjust and inequitable, to the landlord and out of proportion to the damage sustained. Moreover, the landlord in the case at bar also expressly reserved to itself the right at any time during the term of the lease to improve its building without liability to the tenant " in any event or for any cause." By this reservation the landlord, as matter of law, had the right to make any alterations it might deem fit and is absolved from liability to the tenant by reason thereof. Assuming that this provision would not exempt the landlord from willful or wanton injury or for injuries growing out of the negligence of the landlord, there is no proof in the record to sustain a finding that the injuries complained of by the tenant arose from any such cause. Pursuant to the reservation in the lease, there was thus no wrongful invasion of the tenant's rights, which were created by, and had no existence apart from, the lease. Undoubtedly the tenant was inconvenienced by the performance of the work, but this was merely an incident to the right in the landlord expressly reserved. Under such circumstances the acts of the landlord did not constitute an eviction either actual or constructive. As was said by Mr. Justice McLAUGHLIN, in *Ernst* v. *Straus* (114 App. Div. 19): " * * * alterations and improvements to leased premises, made with the consent of the tenant, do not amount to an eviction, no matter how extensive they may be nor how much they may interfere with the occupancy of the tenant. (*Olson* v. *Schevlovitz*, 91 App. Div. 405.) Here, the entry for the purpose of making the repairs and alterations was made pursuant to a right reserved in the lease and to which the tenant, by his agreement, consented. Such an entry did not constitute an eviction (*Turner* v. *McCarthy*, 4 E. D. Smith, 247) and this irrespective of whether the tenant objected to the re-entry or not, because if he did object it was in violation of his agreement."

It follows that the determination appealed from and the final order in favor of the tenant should be reversed, and judgment and final order in favor of the landlord should be entered, with costs to the appellant in all courts.

DOWLING, P. J., McAVOY and MARTIN, JJ., concur; O'MALLEY J., dissents.

Determination of the Appellate Term and final order of the Municipal Court reversed, and a final order in favor of the landlord directed to be entered, with costs to the appellant in all courts.