JOHN BYRNE and ABRAHAM M. BOWMAN, Copartners, Doing Business under the Firm Name and Style of BYRNE & BOWMAN, and Another, Plaintiffs, *v.* ISABEL B. RINALDO, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, May 28, 1931.

*Gettner, Simon & Asher* [*Jerome Count* of counsel], for the plaintiffs.

*Lind, Shlivek, Marks & Brin* [*Norman L. Marks* of counsel], for the defendant.

WHALEN, J. This is an action in which two separate plaintiffs seek to recover in an action at law, in part, an assigned claim for one month's rent, which has been split in half, one-half thereof having been assigned to each of the plaintiffs. They unite as plaintiffs for the purpose of enforcing their claim.

The facts, briefly, are that by a written lease dated October 16, 1929, Mary C. Dillon, as landlord, leased to Isabel B. Rinaldo, the defendant herein, as tenant, an apartment at No. 450 West End avenue, for a term beginning November 1, 1929, and expiring September 30, 1931. Thereafter Schulte Real Estate Co., Inc., purchased the fee of the premises 450 West End avenue, and in writing Mary C. Dillon assigned the said lease on May 15, 1930, to Schulte Real Estate Co., Inc. Thereafter, Schulte Real Estate Co., Inc., sold the said premises by deed dated August 15, 1930, to 450 West End Avenue Corporation, one of the plaintiffs herein. The tenant Rinaldo occupied the premises until September 26, 1930, when she removed from the said premises. The monthly rental was $275, payable on the first day of each month in advance. It is conceded that no rent was paid by Mrs. Rinaldo for the months of July, August or September, 1930, except the sum of $100 paid on account of the July rent. There is, therefore, left unpaid the sum of $175, the balance of July rent, and the full rent for August and September. By an assignment in writing, Schulte Real Estate Co., Inc., assigned to Byrne & Bowman its claim against the defendant for the unpaid balance of $175 on the July rent, and the further sum of $137.50, representing one-half of the August rent, for the period from August 1 to August 15, 1930. By another assignment in writing, Schulte Real Estate Co., Inc., assigned to 450 West End Avenue Corporation its claim against this defendant for the balance of the rent for the month of August, representing the period from August 15, 1930, to September 1, 1930. The 450

West End Avenue Corporation was entitled in its own right to the rent for September.

The defendant resists the claim of the plaintiffs, claiming that there is a misjoinder of parties plaintiff; more specifically, that no action at law may be maintained on a split cause of action; citing the case of *Mohr* v. *Quigley* (30 Misc. 753); *Leopold* v. *Baum* (110 N. Y. Supp. 1054); *Martin* v. *Crest* (81 Misc. 344); and the well-known case of *Dickinson* v. *Tysen* (125 App. Div. 735); also *Gross* v. *Pan American* (188 id. 410) and *King* v. *King* (73 id. 547). These cases hold that no action at law may be maintained to enforce a portion of an entire claim which has been assigned to the plaintiff. In *Cross* v. *Pan American* (*supra*) the Appellate Term of the First Department reversed a judgment for the plaintiff and dismissed the complaint, where the plaintiff sued as assignee of part of an entire claim, on the authority of *Dickinson* v. *Tysen* (*supra*). The reason for the ruling laid down in *Dickinson* v. *Tysen* is stated as follows: " The claim might be assigned as a whole and an action maintained thereon, but if only a part be assigned, then when an action is brought to enforce that part, the defendant has a legal right to insist that all the parties who have an interest in the claim shall be made parties to the action, to the end that the one action may determine the rights of all."

A fair inference from the opinion in *Dickinson* v. *Tysen*, however, is that in order to bring all the parties before the court, it would be necessary to commence an equitable action.

The plaintiffs, in reply to the defendant's contention, cite section 209 of the Civil Practice Act and section 27 of the Municipal Court Code. Section 209 of the Civil Practice Act in part reads: " Joinder of plaintiffs generally. All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; * * *"

Section 27 of the Municipal Court Code, subdivision 2, provides: " No action shall be defeated by the nonjoinder or misjoinder of parties. The names of new parties may be added and the names of parties misjoined may be struck out, by order of the court, at any stage of the cause and upon such terms as justice may require."

The plaintiffs claim that what the cases cited by the defendant hold is that one plaintiff may not sue on an assigned portion of an entire claim, but they maintain that when all the parties are before the court they are entitled to proceed to enforce the combined

portions of the claim, when, taken together, they constitute the entire claim.

Concededly, at the time *Dickinson* v. *Tysen* was decided, various owners of portions of an entire claim could not join in an action at law to enforce their combined claims. Such an action would have to be heard on the equity side of the court. The question now is whether or not section 209 of the Civil Practice Act has effected a change in the procedure so that such plaintiffs might join and maintain an action at law as coplaintiffs. Neither of the briefs submitted cites any case exactly in point, but I think that the point has been clearly decided by the Appellate Division of the Fourth Department in *Porter* v. *Lane Construction Corp.* (212 App. Div. 528).

In a carefully written opinion, the court, in *Porter* v. *Lane* (*supra*), collates the authorities from various angles and says (at p. 530): " The refusal of the common-law courts to take jurisdiction where a money judgment alone was sought was based on the theory that the partial assignee's ownership was equitable and not legal. That theory, it seems, was chiefly due to difficulties relating to joinder of parties under common-law rules. Since all persons having separate interests could not be joined in one action, to recognize the partial assignee's ownership as legal was to subject the debtor to a multiplication of claims. (See ' The Alienability of Choses in Action,' by Walter Wheeler Cook, 30 Harv. L. Rev. 482, 483; cf. ' The Real Party in Interest,' by Clark & Hutchins, 34 Yale L. J. 259.)

" But those difficulties of joinder probably disappeared under the Code of Civil Procedure (Code Civ. Proc. §§ 446, 447, 448, 449 and 3339; *Jacobs* v. *N. Y. Central & H. R. R. R. Co.*, 107 App. Div. 134, 137; affd., 186 N. Y. 586; *Munson* v. *N. Y. Central & H. R. R. R. Co.*, 32 Misc. 282).

" Certainly, they no longer exist under the still broader and more flexible provisions of the Civil Practice Act. (*Sherlock* v. *Manwaren*, 208 App. Div. 538; also 24 Col. L. Rev. 749, 750.)

" Hence, since the right of a partial assignee to enforce his claim depends merely upon the presence of the other partial owners, there seems to be no reason why he could not voluntarily make them parties in an action at law as well as in equity. If the debtor objects, as in *Chase* v. *Deering* [104 App. Div. 192], he thereby consents to the action by the partial assignee alone."

I am inclined to follow the reasoning in the above case. It seems to me that, giving to section 209 of the Civil Practice Act the liberal interpretation enjoined in section 2 of the Civil Practice Act, and having all parties before the court, there is now no reason

why several assignees of portions of a claim may not join as coplaintiffs and enforce their rights in an action at law. This is in harmony with the recent statutes and modern theory of the law in reducing litigation to a minimum. I, therefore, hold that on this theory the defendant has not made out any defense.

The defendant puts in another defense or counterclaim of breach of contract of quiet enjoyment on the part of the plaintiff, and the defendant has testified that during the period for which she has not paid rent, the landlords deprived her of the beneficial use and enjoyment of her apartment by boring holes in the roof and erecting scaffolding preparatory to the destruction of the entire building. It appears that she was the last tenant left in the apartment house on September 26, 1930, and that shortly after she moved out the building was demolished. The defendant did not offer any proof of actual damage. Her testimony tended to show that she was annoyed and inconvenienced by the preparations for the destruction of the building, but otherwise there is no testimony to show any actual money damage; in support of her counterclaim in this respect the defendant cites the case of *Ginsburg* v. *Woolworth Co.* (179 App. Div. 364).

The interference with the beneficial enjoyment of premises of the defendant thus outlined is not a defense to the claim for rent. There was no constructive eviction, because the tenant remained in possession until September 26, 1930, and there was no actual partial eviction which would have the effect of suspending the rent, under the rule laid down in *Two Rector Street* v. *Bein* (226 App. Div. 73). In the *Two Rector Street* case the Appellate Division intimated that there might be a counterclaim for damage where the damages are properly proved. At page 76 in the opinion in that case the court said: " It thus appears that the tenant failed to establish the defense of eviction to the action. As noted, the tenant's counterclaim for damages was withdrawn. The tenant, therefore, relied upon a defense of eviction when there was none, but only a diminution in the value of the premises rented and occupied, which could be taken advantage of solely through a counterclaim."

The present case is somewhat similar in its circumstances to the case of *Two Rector Street* v. *Bein*. The damage done, if any, to the tenant was a diminution of the rental value of the apartment. The court cannot speculate as to what this damage was; there must be some competent proof presented in order to have the court make an estimate of the damage. Of this proof there is none in the evidence.

In the *Ginsburg* v. *Woolworth Case* (*supra*) the Appellate Division

of the Second Department reversed a judgment of the Trial Term dismissing the complaint, and sent the case back to Special Term for the purpose of ascertainment of damages. If the claim of the defendant in this action of breach of covenant of quiet enjoyment be deemed a counterclaim, there is no basis in the evidence upon which to declare a money judgment. No actual money loss was shown. The defendant might have offered testimony to show the difference in rental value of the apartment occupied by the defendant before and after the condition described in the defendant's testimony, but this was not done, and I do not know of any basis upon which I could render a money judgment for the defendant on its counterclaim. The counterclaim will, therefore, be dismissed, and judgment given for the plaintiffs Byrne & Bowman for the sum of $312.50, and for the plaintiff 450 West End Avenue Corporation for the sum of $412.50, with appropriate interest in each case.

Five days' stay.