RAYMOND C. PARKER, Appellant, *v.* PAUL G. SIMON, Trading as THE SIMON COMPANY, Respondent.

First Department, December 17, 1920.

Sales — contract of sale to be assigned in consideration of commissions paid to seller if purchaser furnishes letter of credit to secure payment of purchase price — failure of purchaser to furnish letter of credit — complaint in action by seller stating cause of action for commissions.

A complaint which in substance alleges that the plaintiff entered into an agreement to sell the defendant certain goods which were to be delivered by the plaintiff within thirty days after the defendant furnished an irrevocable letter of credit to be drawn against by a third party which was the manufacturer of the goods, and that after said contract of sale the plaintiff arranged with said third party to indorse the contract to it and that said party was to deliver the goods to the defendant under the terms of the agreement upon the defendant's furnishing said letter of credit, and that the plaintiff was to receive from said third party one per cent of the purchase price of the goods, and that although the plaintiff did assign said contract to the third party the defendant, after due demand, refused to furnish said letter of credit by reason whereof said third party refused to deliver the goods, states a good cause of action for commissions and a demurrer to said complaint should be overruled.

It was not necessary for the plaintiff to allege that he was a broker in order to be entitled to recover.

PAGE, J., dissents, with opinion.

APPEAL by the plaintiff, Raymond C. Parker, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of August, 1920, denying plaintiff's motion for judgment on the pleadings and sustaining the demurrer of the defendant to the amended complaint.

*Joseph Dannenberg* of counsel [*John T. McGovern*, attorney], for the appellant.

*Max Shlivek*, for the respondent.

MERRELL, J.:

This appeal is from an order denying plaintiff's motion for judgment upon the pleadings, consisting of the plaintiff's amended complaint and the demurrer thereto.

By the amended complaint the plaintiff, Raymond C. Parker, alleges that the defendant, Paul G. Simon, during all the times in the amended complaint mentioned, was doing business under the firm name and style of The Simon Company, and that the plaintiff was doing business under the firm name and style of Commonwealth Steel Company; that on or about April 1, 1919, the plaintiff and the defendant entered into an agreement whereby the defendant agreed to purchase and the plaintiff agreed to sell 5,000 gross tons of twenty-five-pound steel rails complete with accessories, f. o. b. New York, at forty-five dollars a gross ton, delivery to be made within thirty days after the defendant established an irrevocable letter of credit in a bank in New York city to be drawn against by another corporation or copartnership known as Sweet's Steel Company, upon presentation of invoices, draft and bill of lading for the amount of the invoice to be covered by said draft.

The plaintiff in his amended complaint further alleges that it was agreed and understood upon the signing of the agreement for the sale and purchase of said steel rails that plaintiff had arranged with said Sweet's Steel Company to indorse to it said contract upon the same being made and entered into between plaintiff and defendant, and that thereupon the said Sweet's Steel Company was to take over the same and deliver said steel rails to the defendant under the terms of said agreement, and that performance by the plaintiff was to be made by performance thereof by said Sweet's Steel Company, and it was further understood and agreed between the parties that said Sweet's Steel Company would perform the same upon defendant's establishing said irrevocable letter of credit; and it was further understood and agreed that in case of defendant's default in establishing said letter of credit, that the Sweet's Steel Company would not perform the said agreement.

Plaintiff further alleges that it was further understood between plaintiff and defendant that upon defendant's performing its said agreement and furnishing said credit and upon the performance of the contract by the Sweet's Steel Company, plaintiff should receive from said Sweet's Steel Company one per cent of the sales price of the material covered by the contract as plaintiff's compensation, and that in case of

First Department, December, 1920. [Vol. 194.

defendant's failure to perform, then plaintiff should receive no commission or compensation whatsoever from said Sweet's Steel Company.

The plaintiff further alleges that pursuant to such agreement between plaintiff and defendant, the plaintiff did indorse and assign over said contract to said Sweet's Steel Company, which company thereupon agreed to carry out the same and perform the same in all respects in the place and stead of the plaintiff; that thereupon and for a period of about two weeks the plaintiff and said Sweet's Steel Company offered to deliver the said merchandise to the defendant upon the defendant's establishing the said letter of credit, and that plaintiff and said Sweet's Steel Company were ready, able and willing to ship the said goods and deliver the same to the defendant within thirty days after such letter of credit was established in the manner aforesaid, and offered to ship the same to the defendant, and that the plaintiff and the Sweet's Steel Company duly performed all the conditions of the contract on their part to be performed; that notwithstanding defendant's promise to establish said irrevocable letter of credit, said defendant neglected and refused to establish the same or any letter of credit whatsoever, finally stating that he was unable to do so; that prior to the termination of two weeks the said Sweet's Steel Company gave the defendant reasonable notice that unless said letter of credit was established as aforesaid, said contract would be deemed terminated, and defendant held liable therefor; that notwithstanding such notice, said defendant did not establish said letter of credit within the time stated in such notice.

Plaintiff further alleges that by reason of the premises in the amended complaint alleged the said Sweet's Steel Company did not deliver the said merchandise to the defendant, by reason of defendant's said default, and that plaintiff was not paid his said commission or compensation of one per cent on the invoice price of the goods covered by said contract, and that by reason thereof plaintiff suffered damages in the sum of $2,250, for which judgment was demanded.

The defendant demurred to the amended complaint upon the ground that the same did not state sufficient facts to constitute a cause of action. Thereupon plaintiff moved for judgment

upon the pleadings, which motion was heard at Special Term and denied, and from the order denying said motion this appeal was brought.

The learned court at Special Term, in a brief memorandum, stated: " Plaintiff does not claim to be a broker, and does not show any contractual relationship between himself and defendant."

I think the court was clearly in error in sustaining defendant's demurrer and in denying plaintiff's motion for judgment on the pleadings. The complaint shows the making of the contract between the plaintiff and the defendant whereby the plaintiff, through Sweet's Steel Company, was to furnish the 5,000 gross tons of steel rails at forty-five dollars per gross ton, upon the establishment in a New York bank of an irrevocable letter of credit, against which said Sweet's Steel Company might draw upon presentation of invoices, draft and bill of lading. The complaint also clearly alleges the understanding and agreement between the plaintiff and the defendant that plaintiff should assign to Sweet's Steel Company said contract, and that performance by the latter company was to be deemed as plaintiff's performance of the contract; that defendant failed to perform his part of the contract by establishing the credit which he had agreed, and that, therefore, the Sweet's Steel Company declined and refused to deliver the steel rails, and plaintiff was deprived of his commission of one per cent, which it was understood between the parties he was to receive from the Sweet's Steel Company. I think the complaint clearly sets forth a contractual relationship between the plaintiff and the defendant, and that defendant's default deprived the plaintiff of the commission to which he would have been entitled had defendant kept and performed his part of the contract. It is true plaintiff does not allege that he was a broker, but the facts are set forth showing the contract between the parties, and from the allegations of the complaint there can be no question but what the plaintiff if able to establish the facts alleged therein has a complete cause of action against the defendant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs, with leave to the defendant, within

twenty days, to withdraw his demurrer and to answer upon payment of said costs.

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concur; PAGE, J., dissents.

PAGE, J. (dissenting):

The assignment of the contract to the Sweet's Steel Company transferred all the legal rights of the plaintiff to that corporation. The profit that the plaintiff would realize on the performance of the contract was not a sum in excess of the amount to be paid to the Sweet's Steel Company by the defendant; it was a part of it. On receipt of the sum the Sweet's Steel Company was bound to account and pay over to the plaintiff one per cent of the sales price. It is well settled that there can be maintained but a single action for a single breach of a contract. To allow this action to be maintained for one per cent, and another for the remainder of the sales price by the Sweet's Steel Company, would permit the splitting of a single cause of action. Plaintiff's proper remedy would be to demand that the Sweet's Steel Company collect its damages and account to plaintiff for his interest therein. If it refused, then plaintiff, to enforce his equitable rights, could bring an action against this defendant and the Sweet's Steel Company. (*Carvill* v. *Mirror Films, Inc.*, 178 App. Div. 644, 647; affd., 226 N. Y. 683.)

In my opinion the order should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.