A & R CONSTRUCTION Co., INC., Appellant, *v.* NEW YORK STATE ELECTRIC AND GAS CORPORATION et al., Respondents, et al., Defendant.

Third Department, July 13, 1965.

*Kiley, Feldmann, Whalen & Fuller* (*William D. Kiley* of counsel), for appellant.

*Folmer, Ryan, Fenstermacher & Yesawich* (*Paul J. Yesawich, Jr.,* of counsel), for Gilbert Associates, Inc., respondent.

*Bryant & Mazza* (*Frederick B. Bryant* of counsel), for New York State Electric and Gas Corporation, respondent.

HAMM, J. Appeal is taken from an order of the Supreme Court at Special Term which dismissed the third, fifth and seventh causes of action of the appellant's complaint. The appellant, hereafter called the plaintiff, has conceded in its brief that the court " was correct in dismissing the seventh cause of action." The third cause of action is brought against only the defendant Gilbert Associates, Inc., hereafter called the engineers, and the fifth cause of action against only the defendant New York State Electric and Gas Corporation, hereafter called the owner. Irwin and Leighton, Inc., is the general contractor and is not a party to this appeal.

The owner engaged the engineers to prepare plans and specifications for a building complex. The owner also prepared through its own employees a grid drawing purporting to show contours, elevations and excavations indicating the amounts of earth to be excavated, moved and graded. The grid drawing was inaccurate and erroneous and excavation substantially in excess of that indicated was required to complete the over-all plan of construction.

The third cause of action charges the engineers with negligence in using an erroneous, unchecked and unverified grid plan as part of the general plans and specifications. One who negligently supplies information for the guidance of others is subject to liability only to " the person or one of the class of persons for whose guidance the information was supplied " (Restatement, Torts, § 552; see, also, *Ultramares Corp.* v. *Touche*, 255 N. Y. 170). The plaintiff's complaint alleges that the plans and specifications were " all for the purposes of engaging (either after bid procedures or negotiation) the services of contractors and *subcontractors* [emphasis supplied] necessary to advance the project to completion."

The fifth cause of action, which, as stated, is against the owner only, alleges that the owner " held out the grid plan as being accurate " although " *knowing* [emphasis supplied], or having reason to know of such inaccuracy." In its brief the appellant states that " the theory of the liability is one of negligence rather than of intent to mislead." Accordingly we treat the fifth cause of action as one to recover for information negligently and not fraudulently supplied.

Respondents rely, as did Special Term, on *Ultramares Corp.* v. *Touche* (*supra*) in which it was said that " if there has been neither reckless misstatement nor insincere profession of an opinion, but only honest blunder, the ensuing liability for negligence is one that is bounded by the contract, and is to be enforced between the parties by whom the contract has been made "

(p. 189); while appellant contends that present-day necessities require a broader concept and would have us extend the protection secured to a specific related third person by *Glanzer* v. *Shepard* (233 N. Y. 236) to a foreseeable class, which in this case might include all prospective subcontractors.

We do not reach this issue because we think that both the third and fifth causes of action are fatally defective in failing to allege legally sustainable damages. The third cause of action pleads that by reason of the negligence of the engineers the plaintiff " was induced to enter into a contract and commit machines and labor to a point where plaintiff was compelled to proceed on after the completion of the first contract on the basis of the representation that plaintiff would be reimbursed on a *quantum meruit* basis " and then goes on to state that the plaintiff " has not been fully reimbursed on the basis of *quantum meruit* " and " as a result has been damaged " to the extent of the failure to reimburse. However, it appears affirmatively from the plaintiff's complaint that the *quantum meruit* arrangement, whether with the contractor only, or, as alleged by the plaintiff, with the owner and engineers also by reason of their alleged ratification, was made, as Special Term correctly pointed out, at a posture when " the plaintiff was fully informed as to the inaccuracy of the grid and entered into the new arrangement with full knowledge thereof." At that time the plaintiff's rights and causes of action were as sound and as available as any it now pleads but, instead of enforcing them, it chose to make a new contract. Hence we find no proximate causal relationship between the alleged negligent imparting of information and the new and subsequent contract, the extent of the breach of which the plaintiff regards as the measure of its damages for negligent misrepresentation.

The fifth cause of action alleges that the owner's conduct with reference to the inaccurate grid plan caused the plaintiff " to become committed to procedures and the use of machinery and the loss of opportunity to bid other jobs to the point where plaintiff could be induced to enter into a *quantum meruit* agreement " and then alleges the breach of the new contract and damages to the extent of the amount unpaid under the contract. For the reasons stated in the preceding paragraph we conclude again that the alleged negligent representations by the owner were not the proximate cause of the damages alleged.

The order should be affirmed.

HERLIHY, J. (dissenting). From an examination of the majority opinion it appears, and the record sustains, that there are factual disputes that can best be settled by permitting the

whole complex contractual relationships among the parties to be controlled by the trial court after taking proof. If the allegations in the third and fifth causes of action are not sustained, in whole or in part or as to the elements of damage, the causes can be dismissed by the trial court rather than on the pleadings in this court. I do not agree with the majority that there is a failure to allege sustainable damages but it is not my intent to pass on the merits but only on the sufficiency of the pleadings at this stage of the litigation. Such procedure, it appears to me, is in keeping with the liberal trend in the construction of pleadings. (See CPLR 3026; *Foley* v. *D'Agostino*, 21 A D 2d 60, 64, 65.)

I vote to modify the order of Special Term by reversing the decretal paragraph which ordered that the "Third" and "Fifth" causes of action be dismissed.

Gibson, P. J., Reynolds and Taylor, JJ., concur with Hamm, J.; Herlihy, J., dissents, in a memorandum, and votes to modify the order of Special Term by reversing the decretal paragraph which ordered that the "Third" and "Fifth" causes of action be dismissed.

Order affirmed, with $20 costs.