Edward J. Greenfield, J.
The default judgment heretofore entered dismissing the complaint of the plaintiffs on March 26, 1974 has been vacated by stipulation of the parties. The present motions 42, 42A and 179 by the defendants to dismiss the *574 various causes of action asserted against them are consolidated for disposition and are disposed of as hereinafter indicated.
The complaint alleges that on October 2,1972 plaintiff Robert Zamzok entered into a contract with defendants Harold and Lillian Green to purchase the Green’s co-operative apartment 2B at 650 Bark Avenue. On or about November 1, 1972 the co-operative corporation issued a new stock certificate to the Zamzoks, the Greens assigned to them their proprietary lease, and the Zamzoks took up residence in the apartment. They allege that they immediately became aware of the loud noises emanating from outside the apartment, presumably caused by the operation of an elevator for a garage located in the building, leased from the co-operative corporation and operated by the defendant Sulgrave, Inc. They allege further that the noise has continued despite numerous complaints, as a result of which the peaceful and quiet enjoyment of their dwelling has been destroyed.
Eleven causes of action are set forth. The first is based on the maintenance of a nuisance diminishing "the value of plaintiff’s investment. The second alleges negligence in design, construction and maintenance by the co-operative corporation creating a nuisance. The third alleges that plaintiffs have suffered discomfort, annoyance, and emotional stress as a result of maintenance of the nuisance. The fourth cause of action alleges they have been denied peaceable and quiet enjoyment, contrary to the covenants of the lease, depreciating the value of their investment, and the fifth, alleging the same breach, seeks damages for discomfort, annoyance, and emotional stress. The sixth cause of action alleges fraud and concealment of the prevailing conditions by the Greens, the prior owners of the apartment. The seventh cause of action alleges affirmative misrepresentations by the Greens. The eighth and ninth causes of action assert that such concealment and misrepresentation constituted a violation of section 352-c of the General Business Law. The' tenth cause of action is for rescission plus damages, and the eleventh cause of action is for the legal fees and disbursements incurred in prosecuting the action.
Motions are made to dismiss each of the causes of action asserted against the respective defendants pursuant to CPLR 3211 (suibd. [a], par. 1) — a defense founded on documentary evidence, and CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action.
The documentary evidence upon which the defense is predicated includes (a) the contract of sale from the Greens to plain *575 tiffs; (b) the consent to the contract by the co-operative corporation; and (c) the acceptance by the corporation of the assignment of the lease. Also (d), it is contended that the leasing of the garage by the co-operative corporation to another bars holding the corporation as landlord responsible for the maintenance of a nuisance.
The documents upon which the corporate defendant relies as establishing that plaintiffs accepted the premises “as is ”, and that no representations were made by the prior tenants or by it as to the physical condition of the apartment have no bearing on the first three causes of action, each of which sound in nuisance. (Bly v. Edison Elec. Illuminating Co., 172 N. Y. 1.)
While the recital by the corporation in the consent and acceptance that it 1 ‘ makes no representation as to the physical condition of the apartment ’ ’ is relevant to an action for fraud and misrepresentation, a nuisance may exist although nothing whatever has been said about it. Moreover, the acceptance by plaintiffs of the premises “as is ” appears in the contract between them and the Greens, which is of no avail to the defendant corporation which was neither a contracting party, in privity, nor a third-party beneficiary. (Lorillard v. Clyde, 122 N. Y. 498; Atlantic & Pacific Wire & Cable Co. v. Duberstein Iron & Metal Co., 136 N. Y. S. 2d 736.) Further, representations or statements by one party or the other as to the condition of the apartment cannot bar a claim for a condition arising outside the apartment.
The corporation correctly asserts that a tenant cannot maintain an action against his landlord for an instrumentality which the landlord neither operates nor controls. However, if 1 ‘ the landlord covenants to repair, .or reserves the right to enter upon the premises to make such necessary repairs as he may deem advisable, then the landlord ¡will be held thereby to have retained the .power to perform this duty [to properly maintain the premises], and the reason for the suspension of his duty on the demise or conveyance of the entire premises falls.” (Rasch, Landlord and Tenant, [2d ed.], § 610; Appel v. Muller, 262 N. Y. 278.)
The lease between the landlord corporation and the garage operator clearly shows that the corporation reserved the right to re-enter upon the premises for the purposes of making repairs (§§ 7.02 and 8.01). That retention of control prevents the corporation from disclaiming responsibility for the maintenance of the alleged nuisance. The right of the landlord was not here, as in Berman v, H. J. Enterprises (13 A D 2d 199), limited only *576 to the purpose of inspection. If action was called for, the landlord could not only request it, but carry it out.
The remaining objection to the nuisance causes of action is based upon the contention that nuisance will not lie unless it threatens injury only to persons outside the defendant’s premises. (N. Y. Jur., Nuisances, § 20.) The essence of a complaint in nuisance is that a conditon is maintained on one property which is an illegal burden or servitude upon another. That situation is fully comprehended when, as here, it is alleged the noises arising in the garage infringed upon the rights of the plaintiffs residing in their apartment. While the garage and the apartment may be both under the same roof, they are separately let, and separately occupied. The plaintiffs complain, not of the condition of the premises which they occupy, but of the condition permitted by the corporate defendant to exist elsewhere in the building. Hence, cases like Miller v. Morse (9 A D 2d 188) and Graham v. Wisenburn (39 A D 2d 334) relied on by the corporate defendant, are wholly inapplicable. They dealt with situations wholly within one apartment. Whatever other actions could lie under those circumstances, nuisance does not. But that is not the case here.
Dismissal also is sought of the fourth and fifth causes of action alleging breach of covenant of quiet enjoyment contained in the proprietary lease. Article 1, paragraph -8 of the lease provides: “The Lessee, upon paying the rent and performing the covenants and complying with the conditions on the part of the Lessee to be performed as herein set forth, shall, at all times during the term herein granted, quietly have, hold and enjoy, the apartment without any suit, trouble or hindrance from the Lessor, subject to the terms of this lease, but the Lessor shall only be bound by or be liable under this covenant so long as such Lessor shall be the owner of the land and the building.”
The covenant of quiet enjoyment assures the tenant of the right to use and enjoy the rented premises without hindrance or molestation and without any attacks or challenges upon his peaceable possession. If a tenant, despite this covenant, is ousted or evicted from the premises during the term of the lease, the covenant has been breached. (Edgerton v. Page, 20 N. Y. 281.)
The rule in this State has been that in order to establish a cause of action for breach of a covenant of quiet enjoyment, the tenant must show either that he has been ousted from the premises, or that there has been a constructive eviction through some happening which effectively deprived the tenant of the *577 use of the premises, as a result of which he is compelled to abandon it. The corporation contends that in this case, since there has been neither an eviction nor an abandonment of the apartment, the plaintiff cannot maintain a claim for breach of the covenant of quiet enjoyment. It cites Herstein Co. v. Columbia Pictures Corp. (4 N Y 2d 117) in support of the proposition that a plaintiff cannot claim constructive eviction unless he has actually abandoned the premises. (See, also, Barash v. Pennsylvania Term. Real Estate Corp., 26 N Y 2d 77; Rasch, Landlord and Tenant [2d ed.], § 925.)
Plaintiffs argue that just as an actual eviction may be total or partial from the entire premises, or only a part thereof, so constructive eviction by conditions making continued habitation impossible should likewise be applicable where part of the premises are rendered unusable, even though the balance can be occupied. Does constructve eviction call for total abandonment of the premises before the tenant can claim uninhabitability? (Two Rector St. Corp. v. Bein, 226 App. Div. 73.) The question was squarely faced in the case of East Haven Assoc. v. Gurian (64 Misc 2d 276), where Sandler, J., in a carefully reasoned opinion in the Civil Court, concluded that there should be no difference between deprivation of the use of all the premises and deprivation of the use of part. (Accord, Finkelstein v. Levinson, 74 Misc 2d 105.) The rationale of Judge Sandler’s opinion was criticized in Zweighaft v. Remington (66 Misc 2d 261 [Leonforte, J.]). Given the realities of life in metropolitan New York in this day and age, the strict application of a doctrine which would require total abandonment of hard-to-find premises when some part of those premises is rendered uninhabitable would be unrealistic and harsh. This court therefore concludes that the views of Judge Sandler more aptly express what the law is and should be.
Plaintiffs, however, have not put themselves under this rule. The complaint does not allege that they have actually abandoned any part of the premises, as the tenant did in the East Haven case. They allege merely that the noise emanating from the garage elevator ‘ ‘ has prevented the plaintiffs from using the premises for normal residential purposes.” The plaintiffs evidently still reside in the apartment, although it is not clear that they have, in fact, abandoned any room or rooms in the apartment adjacent to the elevator shaft.
Further, it is plain that the plaintiffs have not paid the proprietary rent (or maintenance) for the apartment. The covenant of quiet enjoyment clearly does not become effective unless *578 the tenants ¡have paid the rent and complied with the other conditions of the 'lease. Payment of rent is a condition precedent to the maintenance of the action for breach of the covenant of quiet enjoyment. (Herstein Co. v. Columbia Pictures Corp., supra, p. 121; Baitzel v. Rhinelander, 179 App. Div. 735.) Plaintiffs claim to have been paying the money in escrow. As a result of nonpayment to the landlord, summary proceedings have been brought against them for eviction, but those proceedings have been stayed by order of this court. Defendant corporation may move for removal of the summary proceedings from the Civil Court and consolidation with this action. Upon consolidation, the court will entertain an application for an order vacating the stay heretofore granted and directing the payment of all rent due by the plaintiffs. It would be manifestly unfair, even while this controversy remained pending, to permit the plaintiffs to continue to reside in the premises without bearing their fair share of the maintenance expenses which have to be shouldered by the remaining tenants. In any event, the fifth cause of action, which seeks recovery for the breach of covenant of quiet enjoyment resulting in ‘ ‘ physical discomfort, annoyance, inconvenience and emotional distress ”, cannot be maintained. In actions predicated upon breach of contract, where the breach does not amount to a willful or independent tort, and where mental anguish, inconvenience or annoyance are the damages alleged as a result of the contractual breach, the cause of action may not stand. (Frank v. Justine Caterers, 271 App. Div. 980. See Williston, Contracts [3d ed.], § 1341.)
Accordingly, the fourth and fifth causes of action should be dismissed, with leave to the plaintiffs to replead the fourth cause of action should they be able to allege that there has been an actual abandonment of part of the premises and that the conditions precedent have been met by the payment of all rent to the co-operative corporation.
The defendants Green move to dismiss each of the causes of action asserted against them, to wit, the sixth through tenth, on the ground that the plaintiffs are estopped from alleged reliance upon any representation as to the condition of the premises and upon the ground that such statements as are alleged to have been made were mere expressions of opinion and not actionable.
The sixth cause of action alleges that defendants Green defrauded the plaintiffs by failing to disclose to them the true condition of the premises; the seventh cause of action alleges fraud based upon the defendants Green affirmatively represent *579 ing that there were no problems caused by the proximity of the apartment to the garage. The eighth and ninth causes of action allege the same fact of concealment and misrepresentation as a basis for a statutory violation of section 352-c of the General Business Law. The tenth cause of action asks for rescission based upon the alleged fraud.
The defendants Green rely upon the ‘ ‘ as is ’ ’ clause contained in the contract of sale between them and the plaintiffs as barring any showing by the plaintiffs that they relied upon anything other than what was expressly set forth in the contract. They cite in support the case of Danann Realty Corp. v. Harris (5 N Y 2d 317) and the host of cases which follow .it. Those cases all stand for the proposition that a general merger clause which contains a recital that no representations were made .with respect to specific conditions isufficies to bar a claim that oral representation to the contrary had, in fact, been made. However, where the recital of “ no representation ” .is general in nature, and does not disclaim with specificity the oral representation relied on, a claim of fraudulent inducement is not barred. (Barash v. Pennsylvania Term. Real Estate Corp., 26 N Y 2d 77, supra; Sabo v. Delman, 3 N Y 2d 155.)
The general merger clause of this contract reads as follows: “5. * * * Purchaser has inspected the apartment, its fixtures, appliances and equipment and the personal property, if any, included in the sale, and knows the condition thereof, and agrees to accept the same ‘ as is ’, i.e., in the condition they are in on the date hereof subject to normal wear and tear. Purchaser has examined or ¡waived examination of the last audited financial statement of the Corporation, and has considered or waived consideration of all other matters pertaining to this agreement and to the purchase to be made hereunder, and does not rely on any representations made by any broker or by Seller or by anyone acting or purporting to act on behalf of the Seller as to any matters which might influence or affect the decision to execute this agreement or to buy the Shares, the Lease, or said personal property except those representations and warranties which are specifically set forth in this agreement.” (Emphasis added).
It will be noted that a representation as to the noises of the garage elevator is not disclaimed with specificity, and accordingly. parol evidence as to fraud would be receivable upon a trial despite the general disclaimer. It should be noted further that an acknowledgment of inspection of the fixtures, appliances, equipment and personal property contained within the *580 apartment and agreement to accept them “as is ” does not constitute acknowledgment and acceptance of conditions arising outside the apartment which infringe ¡upon living conditions within it.
The complaint alleges that the defendants’ reply to the plaintiffs’ inquiry as to a possible noise problem was that there were no problems whatsoever. It is contended that this was a non-actionable statement or ¡opinion at the worst. While it is true that the degree of noise may impinge upon persons differently, and create serious problems for those acutely sensitive where no problems might exist for others, a question of fact is raised as to whether or not the alleged statement by the defendants Green was true and that they themselves, though less sensitive than the Zamzoks, truly had experienced no problems from their proximity to the ¡garage elevator. To that extent their statement was one of fact and not of opinion.
It follows therefore that the motion by the defendants Green to dismiss ¡the causes of action asserted against them must be denied. The complaint sets forth tenable causes of action against them as to which there are no defenses which would warrant dismissal as a matter of law. The tenth cause of action, sounding in rescission, is predicated upon the allegations of fraud contained in the previous causes of action. The motion to dismiss causes .of action six through ten must therefore be denied.
The motion of the remaining defendant, Sulgrave, Inc., the operator of the garage, will be granted to the extent of dismissing the fourth and fifth causes of ¡action asserted against it. Both causes of action are premised upon the alleged breach of covenant of quiet enjoyment — a contractual cause of action arising from the lease. The garage was not a party to the contract of sale of the apartment, to the consent, to the acceptance, or to the proprietary lease.
Plaintiffs may maintain the first three causes of action in nuisance against the garage operator .if it is alleged that the operations ¡of the gagage are, in fact, the source of the condition rendering plaintiffs’ apartment partially uninhabitable. The “as is” and'“■no representation” clauses in the contract do not affect defendant Sulgrave, Inc. in- any way. It is also well-established law that Sulgrave cannot assert, as a defense sufficient to defeat plaintiffs’ claim of nuisance as a matter of law, that the alleged condition of which plaintiffs complain existed long prior to their taking occupancy of the apartment. (Campbell v. Seaman, 63 N. Y. 568; Ann. 42 ALR 3d 344, 374. Nuisance — Knowledge of Prior Existence.)
*581 For the reasons above stated, the motion ¡by defendant 650 Park Avenue Corporation is .granted only to the extent of dismissing the fourth, fifth and eleventh causes of action, with leave to replead the fourth and eleventh causes of action. The motion by defendants Green is denied in its entirety. The motion by defendant .Sulgrave, Inc. is granted to the extent of dismissing the fourth and fifth causes of action asserted against it.
The leave to replead granted to the plaintiffs is .upon condition of the plaintiffs ’ making payment of all rent due to the 650 Park Avenue Corporation within 10 days of receipt of a copy of this order with notice of entry, and that they serve any amended complaint containing such repleaded causes of action against the defendant 650 Park Avenue Corporation within 20 days thereafter.