Burton S. Sherman, J.
The question to be determined is whether a purchaser of a custom-made designed dress to be worn at a wedding can sue the designer for mental anguish when the dress is allegedly improperly made and cannot be worn for the occasion. The purchaser is Mrs. Myron Levin of Highland Park, Illinois. The defendant is the high fashion designer Halston Enterprises, Inc., known to the cognoscenti simply as "Halston”.
In February, 1975, Mrs. Levin visited the showroom of the defendant in New York and looked at the summer collection. She selected the dress in question "as a possibility”. Her measurements were taken and samples of fabrics were sent to her. At the end of April Mrs. Levin decided on the dress and sent a deposit of $335. Thereafter, all systems were go. However, problems immediately arose. Halston allegedly lost her measurements, requiring Mrs. Levin to fly again to New York. She returned a third time in June for a fitting. As promised, the dress arrived before June 20, 1975. Her subsequent letter to Halston best describes her plight.
"Today I received the dress I commissioned you to make for me from your collection. At the same time a beautiful dream of a beautiful dress for my daughter’s wedding became a horror when I unpacked the dress to put it on.
"The dress was totally a disaster. The hem on the dress was so uneven that if it were to be evened out it would come down to my ankles. The neckline and capelet didn’t fit or fall properly. I looked at myself horrified that this dress made so poorly had a Halston label in it.
*602 "I have had clothes made and designed for me all over the world from top designers and never had anything come to me in the condition this dress came. The box was so poorly packed that I couldn’t even reuse the box to return it.
"There is no way I can return to New York at this time to have the dress remade. Needless to say, I am quite disappointed and hysterical as the wedding is less than 6 weeks off. I have no dress.”
Thereafter, the dress was apparently sent back and forth between Illinois and New York. Final payment of an additional $345 was stopped. The wedding came and went. Another dress, presumably more commonplace, had been hastily purchased and worn for the occasion. The dress in issue was never worn. Mrs. Levin brought this action to recover the deposit and for mental anguish. The defendant moves to dismiss the cause for mental anguish for insufficiency.
Regarding her testimony in its most favorable light, what clearer exposition could there be of Mrs. Levin’s anguish than her letter to her couturier?
A daughter’s wedding is a milestone event in a parent’s life, and Mrs. Levin was understandably distressed at not having the dress of her choice to wear for the occasion.
Despite my feelings of sympathy, I am unable to permit her to sue for mental anguish.
Mental suffering resulting from a breach of contract is not a recoverable element of damage. (Boyce v Greeley Sq. Hotel Co., 228 NY 106; Aaron v Ward, 203 NY 351; Frank v Justine Caterers, 271 App Div 980.) The few exceptions to the rule are cases involving a breach of a contract between parties in a fiduciary or quasi-fiduciary relationship, such as a hotel guest and a hotel, a passenger and a common carrier or a patron and an amusement park. And this must be coupled with tortious conduct. (See cases cited 13 NY Jur, Damages, § 129, pp 620-621.) None of these exceptions are applicable in this case. As a Judge at nisi prius, I am also bound to follow the 200-year-old and wise common-law rule first promulgated in Hadley v Baxendale (9 Ex 341, 156 Eng Rep 145). Compensable damages from a breach of contract are those which are a natural and probable consequence of the breach and could have been reasonably foreseen at the time the agreement was entered. This is not the case here. I am constrained to find against Mrs. Levin as a matter of law and dismiss the first *603 cause of action for mental suffering. The motion is therefore granted and defendant shall have judgment accordingly.