OPINION OF THE COURT
Lawrence Newmark, J.
This action was brought to recover $1,000 lost by plaintiff due to defendant’s malfeasance in examining plaintiff’s automobile.
The facts are as follows:
Plaintiff brought his 1970 Pontiac into defendant’s garage to have the engine examined. Upon examination by defendant’s mechanic, plaintiff was informed that the number three cylinder was “no good” and that the car was not worth repairing. Plaintiff paid $21.40 for the engine inspection. He then brought his car to a junk dealer and was quoted a price of $55. Thereafter, the plaiptiff sold the car to a third party for $55. It was subsequently established that the engine defect involved a $30 valve spring and that the car as repaired was worth $700.
*134 The court initially notes that although the small claims summons captions the action as “breach of contract or warranty”, and there are such elements in the case, it appears to the court that the action sounds basically in negligence. However, since the action is brought in small claims, in the interests of substantial justice, the court will treat it as such. (UDCA, § 1804).
Generally, if a person, by contract, undertakes to perform an act by which another’s conduct may be regulated then he is bound to do so in a manner so that those relying on the performance will not suffer injury. (Creedon v Automatic Voting Mach. Corp., 243 App Div 339, affd.268 NY 583; see, also, Rozner v Resolute Paper Prods. Corp., 37 AD2d 396, affd 31 NY2d 934). Moreover, one who negligently supplies information for another’s guidance may be liable to that person for injuries caused by the misstatement. (Cf. A&R Constr. Co. v New York State Elec. & Gas Corp., 23 AD2d 450.)
In the present case the contract between the parties imposed a duty upon the defendant to use due care in the examination of the plaintiff’s engine and in his report to the plaintiff. It is clear that the defendant failed to discover the specific cause of the engine malfunction and instead told the plaintiff that the cylinder was no good, and that it was not worth fixing. In this respect, the defendant breached his duty and was thus negligent. Moreover, the defendant’s actions were of such a nature as to be considered a substantial factor in bringing about plaintiff’s loss. (Estate of Finn v City of New York, 76 Misc 2d 388). Under these circumstances the court concludes that the defendant’s actions caused the plaintiff to sell his car for substantially less than it was worth and hence, defendant is liable for plaintiff’s loss (cf. Oestreicher v Simpson, 243 NY 635).
Plaintiff is entitled to recover the cost of the inspection plus the value of the car, less the cost of replacing the valve spring and the sales price.
Judgment for plaintiff in the sum of $631.40 and the costs of the action.