OPINION OF THE COURT
Lawrence E. Kahn, J.
The defendants move for an order dismissing the complaint for failure to state a cause of action, and the plaintiff cross-moves for summary-judgment.
The complaint alleges that the plaintiff maintained an account with the defendants for the purpose of buying and selling stocks, and that on January 30, 1979, the defendants delivered a statement to the plaintiff’s wife that a stock sale transaction had taken place in the plaintiff’s account, indicating that 400 shares of IBM stock had been sold on behalf of the plaintiff with a net worth of $124,433.38. The statement was a mistake since the plaintiff never owned, purchased or sold any IBM stock. Four days later the plaintiff received the defendants’ correction statement. Plaintiff alleges that as a result of the negligent communication he sustained great mental anguish, and that his wife began to have suspicions about his financial condition resulting in the destruction of his marriage.
*579 In certain instances, the law recognizes a cause of action for mental suffering inflicted as the result of a negligent communication (Johnson v State of New York, 37 NY2d 378). However, there is no cause of action for mental distress induced by damage to one’s property (Van Patten v Buyce, 37 AD2d 448, mot for lv to app den 30 NY2d 481; see, also, Stahli v McGlynn, 47 AD2d 238). Furthermore, there is no cause of action for mental suffering resulting from the negligent breach of a contract (Levin v Halston Ltd., Div. of Halston Enterprises, 91 Misc 2d 601, 602; Zamzok v 650 Park Ave. Corp., 80 Misc 2d 573). Here, the claim is that the plaintiff and the defendants had a contractual relationship with respect to the handling of plaintiff’s stocks and that the defendants negligently performed a duty pursuant to that agreement by sending him an incorrect statement concerning a stock transfer. At worst, this notice could only have caused plaintiff concern for injury to his property. That concern was of four days’ duration. This is not a case where, in reliance upon a negligent communication, the plaintiff has acted and incurred out-of-pocket expense (McGerald v Mobil Serv. Center, 106 Misc 2d 133). The complaint here fails to state a cognizable claim.
The motion of the defendants for an order dismissing the complaint for failure to state a cause of action shall be granted, and the cross motion of the plaintiff for summary judgment shall be denied.